UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHAY HORSE, *et al.*,

                Plaintiffs,

      v.

DISTRICT OF COLUMBIA, *et al.*,

                Defendants.

No. 1:17-cv-01216 (ABJ)

**MOTION FOR LEAVE TO CONDUCT LIMITED EXPEDITED DISCOVERY
FOR THE PURPOSE OF IDENTIFYING "JOHN DOE" DEFENDANTS**

Plaintiffs hereby move, pursuant to Fed. R. Civ. P. 26(d)(1), for an Order allowing them to take limited expedited discovery from the District of Columbia for the purpose of identifying the Defendants who are listed as "Officer John Doe" and similar fictitious names in the Complaint because their identities are unknown. As alleged in the Complaint, all of these unnamed defendants are current or former D.C. Metropolitan Police Department (MPD) officers.

Plaintiffs seek this information so that they can amend their complaint, serve the Doe defendants, and prosecute this action. Expedition is required because less than seven months remain before a one-year statute of limitations will run on several of the claims in the Complaint, and identifying all of the Doe defendants may take considerable time and effort.[1]

**FACTS**

As the Complaint in this action alleges, the four plaintiffs were in the District of Columbia for the January 20, 2017 inauguration of Donald Trump. Plaintiffs Elizabeth Lagesse

---

[1] Plaintiffs are unable to state whether the defendants will consent to or oppose this motion, as the motion is being served upon the District of Columbia and Chief Newsham together with the summons and complaint.

1

and Milo Gonzalez came to exercise their constitutional rights to express disapproval of the new President. Plaintiff Shay Horse, a photojournalist, came to photograph the demonstrations. Plaintiff Judah Ariel served as a legal observer to the inauguration's protests. During one of the demonstrations, several acts of vandalism occurred. In response, the Metropolitan Police Department rounded up and arrested hundreds of people, most of whom had engaged in no illegal activity. In this action, each of the plaintiffs seeks relief for constitutional, statutory, and common law violations arising out of one or more of the following: arrest without probable cause; unjustified use of pepper-spray; excessively tight handcuffing; prolonged denial of food, water, and access to toilets; and manual rectal searches.

The Complaint alleges that Defendant MPD Officers used non-lethal weapons against Plaintiffs and detained them unjustifiably. Defendant Officers deployed various non-lethal weapons against demonstrators who were not engaged in criminal acts, Complaint ¶¶ 27-29, 35, and gave chase as the demonstrators fled. *Id.* ¶ 31. A Defendant Officer pepper-sprayed Plaintiff Horse while Mr. Horse was photographing the scene. *Id.* ¶¶ 23-25. Defendant Officers blocked the egress of demonstrators who were trying to flee from the police violence. *Id.* ¶ 40. Others blocked fleeing demonstrators and corralled them into a "kettle" without having probable cause to believe that each detained individual had engaged in criminal acts, and without the ability to distinguish between those who had and those who had not. *Id.* ¶¶ 41-43, 45.

Once in the kettle, Defendant Officers treated Plaintiffs with unnecessary brutality. Defendant Officers deployed pepper spray and tear gas against individuals and groups in the kettle, *id.* ¶ 56. After Plaintiffs had been in the kettle for hours, *id.* ¶ 55, Defendant Officers denied Plaintiffs' requests for both food and water, even as they discarded edible food in their view, *id.* ¶ 65, and for access to toilets. *Id.* ¶¶ 67, 71. Defendant Officers purposely slowed down

the formal arrests of the detainees to maximize detainees' discomfort. *Id.* ¶¶ 74-75. As detainees were waiting to be arrested, Defendant Officers pepper-sprayed a crowd of peaceful individuals observing the kettle, including Plaintiff Ariel, a legal observer, *id.* ¶ 76, 84, 86. Defendant Officers pursued the crowd as it fled from the pepper-spray, continuing to spray indiscriminately. *Id.* ¶¶ 88-89.

Upon arresting Plaintiffs, Defendant Officers were also unnecessarily brutal and degrading. Defendant Officers ziptied two of the Plaintiffs' hands tightly enough to cause numbness and bleeding, ¶¶ 94, 97, and were unresponsive to Plaintiffs' complaints of pain. ¶¶ 95, 98. The arrestees were kept in zipties for hours. *Id.* ¶¶ 96, 99. Once at an MPD facility, one Defendant Officer conducted invasive rectal searches of Plaintiffs Horse and Gonzalez while other officers watched and laughed. *Id.* ¶¶ 115, 118, 121, 123. In the process, this officer grabbed and yanked on Plaintiff Horse's testicles and fondled Plaintiff Gonzalez's, *id.* ¶¶ 116, 120, wiggled his finger inside Plaintiff Horse's rectum, *id.* ¶ 119, and did not change gloves between the rectal searches of the Plaintiffs and other arrestees. *Id.* ¶ 125.

Defendant Supervisory Officers (whom the complaint calls "John/Jane Soe" defendants to distinguish from the "Doe" defendants) directed and oversaw the various unconstitutional actions of the Doe defendants. *Id.* ¶¶ 30, 36, 58, 75, 86. Additionally, a group of Defendant Supervisory Officers ordered that Plaintiffs Horse and Lagesse be kettled without "probable cause to believe that a significant number or percentage of the persons located in the area or zone have committed unlawful acts" and without "hav[ing] the ability to identify those individuals." *Id.* ¶¶ 44-46.

The identities of the officers who committed these constitutional violations and the supervisors who commanded, allowed, and/or approved of those actions are unknown, except for Defendant Newsham.

**ARGUMENT**

Fed. R. Civ. P. 26(d)(1) provides that "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order." Plaintiffs seek an order authorizing them to seek immediate discovery from Defendant District of Columbia regarding the true identities of the unknown Defendant Officers and Supervisory Officers.

There is broad agreement that a district court should grant discovery to allow a plaintiff to obtain information necessary to identify Doe defendants. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (reversing and remanding a dismissal because "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds"); *Newdow v. Roberts*, 603 F.3d 1002, 1010 (D.C. Cir. 2010) ("Courts do grant an exception to [the rule against entertaining a suit unless defendants have been served] for 'John Doe' defendants, but only in situations where the otherwise unavailable identity of the defendant will be made known through discovery.") (citing *Gillespie*); *Chung v. U.S. Dept. of Justice*, No. 00-cv-1912 (TFH), 2001 WL 34360430, at *6-8 (D.D.C. 2001), *aff'd in part, rev'd in part on other grounds, and remanded*, 333 F.3d 273 (D.C. Cir. 2003) (denying motion to dismiss *Bivens* suit where "discovery could reasonably be expected to help [plaintiff] identify [defendants] by name, permitting him to properly perfect service on them"); *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (finding error in the dismissal of a § 1983 action against unnamed

defendants "simply because Wakefield was not aware of Doe's identity at the time he filed his complaint" where the information was discoverable); *Duncan v. Duckworth*, 644 F.2d 653, 656 (7th Cir. 1981) (ruling that a plaintiff's "distinct disadvantage in trying to discover the identity of those who were directly responsible" for his treatment "should not be used to prevent him from seeking relief on an otherwise meritorious claim"); *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985) ("Dismissal is proper only when it appears that the true identity of the defendant cannot be learned through discovery or the court's intervention.").

Necessarily, such discovery must take place promptly, for until the defendants are identified and served, the lawsuit cannot proceed against them. Accordingly, this Court routinely grants limited expedited Doe discovery when plaintiffs make a showing of good cause. *See, e.g.*, *Malibu Media, LLC v. John Doe*, 177 F. Supp. 3d 554, 558 (D.D.C. 2016); *Warner Bros. Records, Inc. v. Does 1-6*, 527 F. Supp. 2d 1 (D.D.C. 2007); *LeFace Records LLC v. John Does 1-51*, No. 08-cv-1569 (CKK), 2008 WL 4517178, at *1 (D.D.C. Oct. 6, 2008); *see generally Hartley v. Wilfert*, 931 F. Supp. 2d 230, 233 (D.D.C. 2013) (explaining that where a defendant's identity is unknown, "[t]he proper course … is for Plaintiff to direct her discovery requests to deciphering this officer's identity"); *see also Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 390 n.2 (1971) (noting that the district court had ordered the unknown-named defendants to be served). Indeed, as this Court has recognized, the names of unknown defendants are "not only relevant but crucial to the prosecution of plaintiffs' claims." *Warner Bros.*, 527 F. Supp. 2d at 2.[2]

---

[2] In *AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990 (D.C. Cir. 2014), the court of appeals held that "Doe" discovery was improper where it was clear that the court did not have personal jurisdiction over most of the 1,058 defendants, and where the unrelated defendants were not properly joined in the same lawsuit. Those defects are not present in this case, where all the unnamed defendants were employed by the MPD on January 20, and acted as a group under the direction of Defendant Newsham.

The facts pled in Plaintiffs' complaint demonstrate good cause for expedited discovery. First, the information is crucial to prosecuting Plaintiffs' claims. Second, the limited breadth of the requested discovery is narrowly tailored to its purpose. Third, the desired information is likely to be found. And fourth, the requested discovery will not be unduly burdensome.

1. The information Plaintiffs seek is crucial to prosecuting their claims before statutes of limitations run, and the litigation cannot go forward against these defendants without it. Although Plaintiffs' claims under 42 U.S.C. § 1983 have three-year limitation periods, *see Earle v. District of Columbia*, 707 F.3d 299, 305 (D.C. Cir. 2012), plaintiffs' common-law claims for false arrest and imprisonment, and for assault and battery, have one-year limitation periods. *See* D.C. Code § 12-301(4). All of the unknown Defendants are named in at least one of these claims.[3] Because the events at issue occurred on January 20, 2017, Plaintiffs need to name the individual defendants in an amended complaint by January 20, 2018.

2. The requested discovery is narrowly tailored to its limited purpose. In order to uncover Defendants' true names, Plaintiffs will be requesting rosters of officers with badge numbers and photographs for Plaintiffs to identify; rosters of equipment issued on January 20 along with equipment numbers and officers receiving the equipment; rosters of officers issued dispensers or canisters of chemical irritants on January 20; lists of officers assigned to the kettle and to the processing of detainees at the facility where the rectal searches were conducted; lists of supervisors and their locations on January 20; event logs; and police reports of incidents and arrests. Plaintiffs also intend to propound simple interrogatories in the form, "Give the full name and badge number of the officer pictured here," with a photograph attached.

---

[3] Claim 3 for false arrest and imprisonment is against Defendants Doe 61-140 and Soe 11-20; Claim 7 for assault and battery is against Defendants Doe 1-60 and 91-149 and Soe 1-10 and 16-20; and Claim 15 for assault and battery is against Defendant Doe 150.

3. The desired information is likely to be found, because MPD must be in possession of records showing which of its officers were involved in these events, and must be able to identify its own officers from photographic evidence, at least in many instances. Additionally, MPD is required to keep records of the officers to whom pepper-spray is issued and by whom it is used. *See* Doc. 21, Judgment, *Kaddoura v. District of Columbia*, Civ. No. 06-0099 (D.D.C. June 29, 2007) (requiring that such records be kept).

4. The requested discovery will not unreasonably burden MPD, as most of the relevant records are maintained in the normal course of its business. The specter of lost claims, on the other hand, presents a great burden for Plaintiffs. The scope of the request is therefore reasonable, and none of it is "on issues going to the merits of [the] case." *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 98 (D.D.C. 2014). Moreover, the timely identification of the Doe and Soe officers would allow those defendants to participate in the case from an earlier stage, which will be to the benefit of all parties—including them—and to the Court.

The limited expedited discovery requested in this motion will substantially contribute to moving the case forward by permitting Plaintiffs to amend their complaint to reflect the true names and identities of the officers who mistreated Plaintiffs on January 20. Accordingly, plaintiffs have demonstrated good cause.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion should be granted. A proposed order is filed herewith.

                                Respectfully submitted,

*/s/ Scott Michelman*
Scott Michelman (D.C. Bar No. 1006945)
Arthur B. Spitzer (D.C. Bar No. 235960)
Shana Knizhnik[4]
American Civil Liberties Union
  of the District of Columbia
4301 Connecticut Avenue, N.W., Suite 434
Washington, D.C. 20008
Tel. 202-457-0800
Fax 202-457-0805
smichelman@acludc.org

July 7, 2017                           Counsel for Plaintiffs[5]

---

[4] Admitted in New York. Practicing in D.C. under supervision of a D.C. Bar member while D.C. Bar application pending, pursuant to D.C. Ct. App. R. 49(c)(8).

[5] Counsel acknowledge the assistance of Michael Chapper, a Georgetown Law student, in the preparation of this motion.

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing MOTION FOR LEAVE TO CONDUCT LIMITED EXPEDITED DISCOVERY have been served, together with the summons and complaint and in the same manner, upon all named defendants:

> PETER NEWSHAM
> Chief, Metropolitan Police Department
> c/o Office of the Attorney General
> 441 4th Street, N.W.
> Washington, D.C. 20001
>
> DISTRICT OF COLUMBIA
> c/o Office of the Attorney General
> 441 4th Street, N.W.
> Washington, D.C. 20001
>
> DISTRICT OF COLUMBIA
> c/o Mayor of the District of Columbia
> 441 4th Street, N.W.
> Washington, D.C. 20001

This 7th day of July, 2017.

/s/ *Scott Michelman*

Scott Michelman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHAY HORSE, *et al.*,

                Plaintiffs,

    v.

DISTRICT OF COLUMBIA, *et al.*,

                Defendants.

No. 1:17-cv-01216 (ABJ)

### [PROPOSED] **ORDER**

Upon consideration of Plaintiffs' motion for leave to conduct limited expedited discovery, and having found good cause in support of the motion, it is hereby ORDERED that the motion is GRANTED.

The Plaintiffs are hereby GRANTED permission to serve on Defendants document requests and interrogatories that are reasonably calculated to ascertain the identity of the fictitiously-named Defendants in this action and not for the purpose of general discovery. Such requests and interrogatories shall not count against plaintiffs' discovery limits in this action under Federal Rule of Civil Procedure 33.

The Defendants are hereby ORDERED to respond to each such document request and each such interrogatory within 30 days of its receipt.

Date: _____

                                                  Amy Berman Jackson
                                                  United States District Judge