UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAY HORSE, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DISTRICT OF COLUMBIA, *et al.*, <br><br> *Defendants*. | Civil Action No. 17-1216 (ABJ) |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO STAY OR EXTEND DEADLINE**

Plaintiffs hereby oppose Defendants' motion to stay or, in the alternative, to extend the deadline within which to file their responsive pleading to Plaintiffs' Complaint, currently due September 26, 2017. ECF 16.

Defendants have not satisfied Federal Rule of Civil Procedure 6(b)(1)'s "good cause" requirement for an extension of time. Plaintiffs' Complaint was filed on June 21, 2017, and served on July 7. *See* ECF 7-9. Defendants' original deadline to answer the Complaint was July 28, but Plaintiffs consented to, and the Court granted, Defendants' motion for a 60-day extension to September 26, 2017. *See* ECF 14-15. Defendants thus already have 81 days in which to prepare their response. Surely that is enough time for the D.C. Office of the Attorney General, which has staffed this case with four lawyers.[1]

Defendants now seek an *indefinite* extension of their time to respond. Their only argument in support of their motion is that Plaintiffs have sought limited expedited discovery for the purpose of identifying "John Doe" defendants that they hope to add via an amended

---

[1] Plaintiffs count both the lawyers who have entered formal appearances and lawyers who have signed Defendants' most recent motion using the /s/ format.

1

complaint. That argument might have some weight if Defendants were planning to file an answer. However, Defendants' counsel have made clear to undersigned counsel that the responsive pleading they intend to file will be a motion to dismiss, not an answer. Defendants provide no reason why the potential addition of more defendants in the future prevents them from formulating and filing their *legal* arguments in support of their motion to dismiss within 81 days of being served. Substituting actual names for "John Doe" and "Jane Doe" will not alter the legal theories contained in the complaint.

A motion to dismiss "tests the legal sufficiency of the complaint." *Kingman Park Civic Ass'n v. Williams,* 348 F.3d 1033, 1040 (D.C. Cir. 2003). If Defendants believe there are legal deficiencies in the complaint, there is every reason to bring those deficiencies to the attention of Plaintiffs and the Court sooner rather than later. If Defendants' arguments are persuasive to Plaintiffs, Plaintiffs may amend their complaint as of right under Rule 15(a)(1)(B). As the Rules Advisory Committee pointed out, "This provision will force the [Plaintiffs] to consider carefully and promptly the wisdom of amending to meet the arguments in the motion. A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim. It also should advance other pretrial proceedings." Fed. R. Civ. P. 15, Advisory Committee Note (2009). If Defendants' arguments are not persuasive to Plaintiffs but are persuasive to the Court, certain claims may be dismissed, which in turn may streamline the remaining litigation by reducing the number of issues in need of adjudication. By contrast, granting Defendants' motion to stay can result only in unwarranted delay and inefficiency.

Defendants' alternative request for an additional 65-day extension rests on the same asserted grounds and thus fares no better. Indeed, it is clear in the context of Defendants' motion

that if Defendants are granted an additional 65-day extension at this time, they will seek a further extension after those 65 days, as long as Plaintiffs are still hoping to add additional defendants to the case. And should Plaintiffs be unable to identify and serve additional individual defendants, the extension Defendants seek will have served no purpose at all, except delay.

Denying an extension will in no way prejudice the Defendants. If Plaintiffs are successful in joining additional individual defendants through an amended complaint, and in the event that the amended complaint presents new claims or legal theories that Defendants believe should be dismissed as a matter of law, Defendants will have the opportunity to file a new motion to dismiss at that time. But the parties and the Court will not have to re-litigate any issues already addressed in the earlier motion to dismiss.

To the extent Defendants argue that they need more time because they are in the midst of opposing Plaintiffs' discovery motion, their implicit suggestion that they cannot be expected to prepare more than one legal memorandum during the month of September is not well taken. In any event, their opposition to the discovery motion is due today (September 8), leaving them 18 days to work only on their motion to dismiss—on which they presumably have already been working for the past two months.

In a footnote, Defendants point out that Plaintiffs offered to consent to a stay of the responsive pleading deadline in exchange for Defendants' consent to the scope of Plaintiffs' expedited discovery. That offer is irrelevant to the merit of Defendants' present motion. Defendants' implication seems to be that Plaintiffs' opposition to an extension could not be serious if they were willing to barter it away. Such a view ignores the basic point of negotiations, in which parties offer to make concessions, even concessions they would rather not make and to which the opposing party is not legally entitled, in order to secure reciprocal benefits. That

Plaintiffs offered a global resolution of these preliminary procedural disputes in the interest of moving the case forward shows only that Plaintiffs seek to be practical and cooperative, not that Defendants have good cause for an extension.

In sum, there is no good cause for Defendants not to respond to Plaintiffs' Complaint, served on July 7, by the current deadline of September 26, 2017. The Court should deny Defendants' Motion. A proposed order is attached.

                                           Respectfully submitted,

                                           */s/ Scott Michelman*
                                           Scott Michelman (D.C. Bar No. 1006945)
                                           Arthur B. Spitzer (D.C. Bar No. 235960)
                                           Shana Knizhnik (D.C. Bar No. 1020840)
                                           American Civil Liberties Union
                                               of the District of Columbia
                                           4301 Connecticut Avenue, N.W., Suite 434
                                           Washington, D.C. 20008
                                           Tel. 202-457-0800
                                           Fax 202-457-0805
                                           smichelman@acludc.org

September 8, 2017                         Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHAY HORSE, *et al.*,

        *Plaintiffs*,

v.

DISTRICT OF COLUMBIA, *et al.*,

        *Defendants*.

Civil Action No. 17-1216 (ABJ)

**[PROPOSED]**
**ORDER**

Having considered the Plaintiff's Motion to Stay Deadline or Extend Time to Respond to Plaintiffs' Complaint, it is this _____ day of _____, 2017, hereby:

ORDERED that the motion is DENIED.

_____
Amy Berman Jackson
United States District Judge