UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHAY HORSE, *et al.*,

Plaintiffs,

v.

DISTRICT OF COLUMBIA, *et al.*,        No. 1:17-cv-01216 (ABJ)

Defendants.

**PLAINTIFFS' MOTION TO STRIKE "DEFENDANT JOHN DOE'S" MOTION TO DISMISS OR FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE REQUIRE THAT "JOHN DOE" BE NAMED AND JOINED AS A PARTY**

Plaintiffs move to strike the motion to dismiss or for summary judgment filed by the unknown individual "Defendant John Doe" (ECF 40) because that person is not a party to this case. In the alternative, Plaintiffs move to have "John Doe" identified and joined as a party. Defendants oppose this motion.

This case concerns a series of actions taken against Plaintiffs by various officers of the Metropolitan Police Department (MPD) and the District of Columbia on Inauguration Day 2017. *See generally* ECF 29 (amended complaint). In accordance with this Court's minute order of March 29, 2018, this motion assumes general familiarity with Plaintiffs' allegations.

The amended complaint names as Defendants the District of Columbia and 28 individual MPD officers, all of whom have been served. *See* ECF 7, 8, 31. That complaint also names one "John Doe" MPD officer whose identity remains unknown to Plaintiffs, despite Plaintiffs' repeated requests, in early discovery permitted by this Court, that Defendant District of Columbia disclose his name—which it knows. *See* ECF 40, at 5-8. Because "John Doe" has not been identified, he has not been named in the amended complaint and perforce has not been served. He is therefore

not yet a party to this case. (Plaintiffs assert a constitutional claim against this officer, so they have three years to name him. *See Earle v. District of Columbia*, 707 F.3d 299, 305 (D.C. Cir. 2012).)

On March 30, 2018, the existing Defendants filed a motion on behalf of "Defendant John Doe," seeking dismissal or summary judgment as to Claim 16 of the amended complaint, which names John Doe and no other party. ECF 40. Claim 16 alleges that "John Doe" searched Plaintiffs Horse and Gonzalez in an unjustifiably intrusive and humiliating manner. ECF 29, ¶¶ 166-74. "John Doe" now seeks dismissal of that claim on the ground that the changes in Plaintiffs' allegations between the original complaint and the amended complaint render amended Claim 16 a "sham" and that video evidence allegedly disproves Claim 16. ECF 40, at 11-16.

Plaintiffs are prepared to respond to that argument when it is properly before the Court, but at this point it is premature and inappropriate. "Defendant John Doe's" motion, ECF 40, should be stricken because "John Doe" is not yet a party to this case and therefore may not file a motion to dismiss or for summary judgment. Rules 12 and 56, governing motions to dismiss and summary judgment, respectively, permit "a party" to file such motions. *See* Fed. R. Civ. P. 12(b) ("a party may assert the following defenses by motion," including failure to state a claim); Fed. R. Civ. P. 56(a) ("A party may move for summary judgment…"). By contrast, when the Rules of Civil Procedure apply to non-parties — as in the contexts of intervention and subpoenas in Rules 24 and 45, respectively — they use broader terms, like "anyone" or "a person." *See, e.g.*, Fed. R. Civ. P. 24(a) ("On timely motion, the court must permit anyone to intervene who" meets specified conditions); Fed. R. Civ. P. 45(e)(2)(A) (setting forth requirements for "[a] person withholding subpoenaed information under a claim that it is privileged or subject to protection"). Courts presume that usages of different words with different meanings within the same document are intentional. *See, e.g., Dep't of Homeland Sec. v. MacLean*, 135 S. Ct. 913, 919 (2015) ("Congress

generally acts intentionally when it uses particular language in one section of a statute but omits it in another."); *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 353 (2013) ("Congress' choice of words is presumed to be deliberate[.]"). The Court should give effect to the word "party" in Rules 12 and 56 and disallow a non-party to file motions under those rules.

The plain language of the Rules is consistent with this Court's practice, which has been to reject dispositive motions filed by non-parties. *See Hard Drive Prods., Inc. v. Does*, 2012 WL 3296582, at *3 (D.D.C. Aug. 13, 2012) (rejecting motions to dismiss by "John Doe" defendants not yet named); *Maverick Entm't Grp., Inc. v. Does*, 810 F. Supp. 2d 1, 16 (D.D.C. 2011) ("[Defendants] cannot be dismissed … from a lawsuit to which they are not parties."); *Norris v. D.C. Gov't*, 2008 WL 7994986, at *7 (D.D.C. Aug. 1, 2008) (recommending denial "as moot" of District's motion to dismiss where District had once been a party, was voluntarily dismissed, then had not been properly served with new summons), *report and recommendation adopted*, 2008 WL 7994985 (D.D.C. Sept. 12, 2008). This Court has even opined that it lacks jurisdiction to adjudicate a motion to dismiss on behalf of a non-party, because in the absence of a present stake in the lawsuit, there is no case or controversy between that individual and the other parties. *Hard Drive*, 2012 WL 3296582, at *3; *accord PFIP, LLC v. Apsen Total Fitness Centereach, LLC*, 2006 WL 1644623, at *1 (D.N.H. June 7, 2006); *Kimes v. Lab. Corp. of Am.*, 2002 WL 31812919, at *1 (M.D.N.C. Dec. 13, 2002). Indeed, it is unclear how the Court could even enter judgment in favor of "John Doe" when it does not know who he is and he has never appeared in the case. As the Supreme Court has explained, "one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend. Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to

participate in a civil action[.]" *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350–51 (1999) (citations omitted).

The consensus among the federal courts is to the same effect as this Court's view: courts strike, reject, deny as moot, or otherwise disallow dispositive motions filed by non-parties. *See Thompson v. Pallito*, 949 F. Supp. 2d 558, 583 (D. Vt. 2013) ("Motions to dismiss filed by non-parties should be denied as moot."); *DRFP, LLC v. Republica Bolivariana de Venezuela*, 2012 WL 995288, at *2 (S.D. Ohio Mar. 22, 2012) ("[A]bsent a specific reason to permit it, filings by non-parties have no place in litigation and ought not to be made."); *Blasingim v. Hill*, 2008 WL 11320088, at *2 (N.D. Ga. Sept. 8, 2008) ("Dismissal pursuant to Rule 12(b)(6) is not available to a non-party."), *report and recommendation adopted*, 2008 WL 11320126 (N.D. Ga. Oct. 14, 2008); *accord Church-El v. Bank of N.Y.*, 2015 WL 757690, at *2 (D. Del. Feb. 19, 2015); *Dolphin v. Waterbury Police Dep't*, 2007 WL 1020741, *1 (D. Conn. March 30, 2007); *Wasson v. Riverside County*, 237 F.R.D. 423, 423 n.1 (C.D. Cal. 2006); *PFIP*, 2006 WL 1644623, at *1; *Mendez v. City of N.Y. Human Resources Admin.*, 2005 WL 1109451, at *3 (S.D.N.Y. May 10, 2005); *Kimes v. Lab. Corp. of Am.*, 2002 WL 31812919, at *1; *Balik v. Travelers Ins. Co.*, 125 F.R.D. 149, 149–50 (E.D. Wis. 1989); *see also MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 383 (2d Cir. 2006) (noting district court had erred in permitting non-party to file motion to dismiss).

In the alternative, if the "John Doe" motion is not struck, the Court should exercise its authority under Rule 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.") to join "John Doe" formally as a Defendant, deeming his filing of a motion to constitute service and requiring that Defendant District of Columbia provide to Plaintiffs and to the Court the true name of this person. *See Forster v. Schofield*, 2011 WL 6101548, at *6 (M.D.

Tenn. Dec. 8, 2011) (joining as a party under Rule 21 a non-party who had filed for summary judgment), *report and recommendation adopted*, 2011 WL 6887873 (M.D. Tenn. Dec. 29, 2011).

One final housekeeping request: Under the briefing schedule set by the Court (minute order of Feb. 9, 2018), Plaintiffs' response to the "John Doe" motion to dismiss or for summary judgment is due May 21. Under Local Rules 7(b) & (d), the briefing on this motion to strike will conclude on May 10. In the event this Court denies the motion to strike and Plaintiffs are required to respond to the "John Doe" motion on the merits, Plaintiffs ask that they be given 10 days after this Court's order denying the motion to strike in which to respond to the "John Doe" motion. Defendants do not consent to this extension request, but they do not oppose it, either.

In sum, "Defendant John Doe" — or, really, the District of Columbia, for that is who filed the motion on his behalf — should not be able to have it both ways. If they want "John Doe" to remain aloof from these proceedings and hope Plaintiffs will not learn his identity by January 20, 2020, they should not be permitted to file motions on his behalf in the meantime. If they want to seek dismissal or judgment on Claim 16 now, "John Doe" should be named and formally joined.

For these reasons, the motion filed on behalf of non-party "John Doe" should be stricken, or in the alternative the Court should order that "John Doe" be named and joined as a party.

Respectfully submitted,

*/s/ Scott Michelman*
Scott Michelman (D.C. Bar No. 1006945)
Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union Foundation
  of the District of Columbia
915 15th Street NW, Second Floor
Washington, D.C. 20005
Tel. 202-457-0800
smichelman@acludc.org

April 19, 2018                              Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHAY HORSE, *et al.,*

                                    Plaintiffs,

     v.

DISTRICT OF COLUMBIA, *et al.,*                    No. 1:17-cv-01216 (ABJ)

                                    Defendants.

[PROPOSED] **ORDER**

Upon consideration of Plaintiffs' motion to strike the motion to dismiss or for summary judgment filed by "Defendant John Doe," it is hereby ORDERED that the motion is GRANTED, and the motion of non-party "John Doe" to dismiss or for summary judgment, ECF 40 (along with all attachments thereto), is STRICKEN.

Date: _____

_____
                    Amy Berman Jackson
                    United States District Judge