## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAY HORSE, *et al.*,<br><br>                  Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>                  Defendants. | Civil Action No. 17-1216 (ABJ) |

### DEFENDANT JOHN DOE'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE "DEFENDANT JOHN DOE'S" MOTION TO DISMISS OR FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE REQUIRE THAT "JOHN DOE" BE NAMED AND JOINED AS A PARTY

## INTRODUCTION

For nearly eleven months, plaintiffs Shay Horse and Milo Gonzalez have maintained baseless allegations, including a claim against the Metropolitan Police Department (MPD) officer who searched them following their arrests on January 20, 2017. Now that the officer—John Doe—has engaged in this litigation by filing a dispositive motion, plaintiffs argue he is not a "party" to this action, and ask the Court to strike his motion or, in the alternative, join him as a party under Federal Rule 21.

Plaintiffs' motion demonstrates a fundamental misunderstanding of the Federal Rules of Civil Procedure. John Doe, although not identified by name in this action, is a known defendant and party to this case. As a result, this Court has

jurisdiction to consider his motion, and joining him as a party under Rule 21 is neither necessary nor appropriate.

## BACKGROUND

Plaintiffs Shay Horse and Milo Gonzalez filed their Complaint [1] on June 21, 2017, which included sixteen paragraphs of factual allegations under the heading "The Rectal Searches," and three claims against the searching officer. *See* Compl. ¶¶ 113–128; 198–206. In the Complaint, the searching officer was listed as John Doe 150 (other defendants were also listed as "John Does").

On September 18, 2017, this Court issued an Order [22] granting plaintiffs leave to serve interrogatories on the District of Columbia (the District) for the limited purpose of identifying the "John Doe" defendants described in the Complaint. Interrogatory No. 3 sought "the name(s) and badge number(s) of the MPD member(s) who performed any of the searches on Plaintiffs Horse and/or Gonzalez described in ¶¶ 113–128 of the Complaint." Pls.' First Set of Interrog. to District [19-1].

On October 6, 2017, defense counsel wrote to counsel for plaintiffs, requesting that plaintiffs withdraw Interrogatory No. 3, as well as Claims 14, 15, and 16, which the District maintained were contradicted by video evidence. On October 26, 2017, after additional correspondence, and the production of evidence, plaintiffs' counsel agreed to withdraw Interrogatory No. 3. On October 31, 2017, the District received plaintiffs' proposed Second Set of Interrogatories, which included a photograph of the officer who conducted the searches of Horse and Gonzalez. After

defense counsel informed plaintiffs' counsel that the District would not consent to the interrogatory, plaintiffs' counsel did not pursue the request.

Plaintiffs filed their First Amended Complaint [29] on January 3, 2018, naming the District and 28 individual MPD officers as defendants. The only defendant who remains identified as "John Doe" is the searching officer. *See* First Am. Compl. Defendant John Doe moved to dismiss or, in the alternative, seeks summary judgment [40]. Instead of opposing the motion, plaintiffs moved to strike the filing. *See* Pl.'s Mot. to Strike "Defendant John Doe's" Mot. to Dismiss or for Summ. J., or in the Alternative Require that "John Doe" be Named and Joined as a Party (Pls.' Mot.) [42].

## ARGUMENT

### I.    The Federal Rules of Civil Procedure Do Not Permit Plaintiffs' Motion.

Motions to strike are "not favored" and are often considered "time wasters." *See Cobell v. Norton*, 224 F.R.D. 1, 2–3 (D.D.C. 2004) (citations omitted). Such motions "should usually be denied unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation or unless it can be shown that *no* evidence in support of the allegation would be admissible." *Id.* (internal citations and quotation marks omitted). Plaintiffs move to strike on grounds that John Doe has not been served in this case and is therefore not a party entitled to file a motion [40]. But the Federal Rules of Civil Procedure do not provide for such relief and plaintiffs' argument is, in any case, incorrect.

Under Rule 12(f)—which plaintiffs do not cite even though it applies to motions to strike—"[t]he court may strike from *a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added).[1] Rule 7 defines "pleadings" as including a complaint, a third-party complaint, answers, and a reply to an answer when a court orders one. Fed. R. Civ. P. 7(a). Courts routinely deny motions to strike that are improperly directed at motions rather than pleadings. *See, e.g.*, *Modaressi v. Vedadi*, 441 F. Supp. 2d 51, 54 n.2 (D.D.C. 2006) ("A motion to dismiss is not a pleading…. Accordingly, the Court will deny plaintiff's motion to strike …"); *Kopff v. Battaglia*, 425 F. Supp. 2d 76, 86 (D.D.C. 2006) (denying motion to strike, noting that "Rule 12(f) applies only to 'pleadings,' and a motion to dismiss is not a pleading"); *Nwachukwu v. Rooney*, 362 F. Supp. 2d 183, 190 (D.D.C. 2005) ("Because the defendants' reply memorandum is not a pleading, as defined in Federal Rule of Civil Procedure 7(a), and motions to strike only apply to pleadings, the plaintiff's motion to strike is improperly directed at the defendants' reply…. Therefore, the court denies the plaintiff's motion to strike."); *Hamilton v. Paulson*, Civil Action No. 07-1365 (RBW), 2008 WL 4531781, at *1 n.1 (D.D.C. Oct. 10, 2008) (citing cases and denying motion to strike).

Notwithstanding Rule 12(f)'s plain restriction, courts in this Circuit have occasionally considered motions to strike non-pleadings. For example, courts

---

[1]     Federal Rules 11 and 14 are facially inapplicable to plaintiffs' motion. *See* Fed. R. Civ. P. 11(a) (providing for motion to strike unsigned papers); Fed. R. Civ. P. 14(a)(4) (providing for motion to strike third-party claim).

sometimes entertain motions to strike affidavits and declarations "because Rule 12(f) is the only viable method for attacking materiality and pertinence defects in such documents." *Cobell*, 224 F.R.D. at 2 (citing *Larouche v. Dep't of the Treasury*, Civil Action No. 91-1655 (RCL), 2000 WL 805214, at *13–14 (D.D.C. Mar. 31, 2000)). Here, however, plaintiffs are not without means of challenging John Doe's motion, as they can simply file an opposition. Thus, no unfairness or prejudice would result from the denial of plaintiffs' motion to strike. In addition, the basis for plaintiffs' motion—that John Doe has not been served and is therefore not a party to this case—does not fall within any of the grounds listed in Rule 12(f). *See Cobell*, 224 F.R.D. at 3–5 (discussing the grounds for a motion to strike under Rule 12(f)).

Courts in this Circuit have also stricken non-pleadings in extreme circumstances when a filing "rises to a level of offensiveness that merits … being stricken from the record by the Court." *Hildebrandt v. Veneman*, 233 F.R.D. 183, 184 (D.D.C. 2005). In *Hildebrandt*, the Court *sua sponte* struck a filing which "quite clearly and literally state[d] (not implie[d]) that the DOJ attorneys somehow intend [opposing counsel] physical harm, or even death." *Id.* at 185. The Court described this statement as "a highly inappropriate and uncalled-for ad hominem attack" and "outrageous, without support, and scandalous on every level." *Id.* at 184–85. Similarly, the Court granted a motion to strike based on Rules 11 and 12(f) where a filing contained "deplorable" "accusations of racism … unsupported by facts or evidence" that the Court described as "a form of harassment, and … scandalous." *See Pigford v. Veneman*, 215 F.R.D. 2, 3–5 (D.D.C. 2003) (citations omitted). Unlike

5

these cases, plaintiffs do not argue that John Doe's motion contains any outrageous or deplorable statements that might warrant this Court's consideration beyond the plain scope of Rule 12(f). The Federal Rules of Civil Procedure simply do not permit plaintiffs' motion to strike, and the motion should therefore be denied.

To the extent plaintiffs request that the Court strike John Doe's motion as an exercise of its inherent authority, they provide no proper basis for that request. Plaintiffs do not allege that they will suffer any prejudice from having to oppose John Doe's motion or from John Doe proceeding anonymously. Indeed, they have chosen not to pursue discovery of John Doe's identity and state that they are prepared to respond to John Doe's arguments, but only when they believe the motion is properly before the Court. Defendant John Doe does, however, face potential prejudice: if the Court grants plaintiffs' motion, John Doe would be publicly associated with plaintiffs' shocking and outrageous accusations, which, as set out in John Doe's motion for summary judgment, John Doe and the other defendants contend are false. Plaintiffs' arguments are legally incorrect and will needlessly delay the resolution of John Doe's motion and expend the Court's and the Parties' resources. *See* Fed. R. Civ. P. 1.

## II.     John Doe is a Party; His Motion is Properly Before the Court.

Plaintiffs argue that John Doe's motion is "premature and inappropriate," as it is "not properly before the Court" because John Doe is not a party. Pls.' Mot. at 2. But neither the Federal Rules nor case law support plaintiffs' position.

Plaintiffs made the searching officer—who is currently proceeding anonymously as "John Doe"—a party to this lawsuit by naming him as a defendant and bringing claims against him. Indeed, plaintiffs' own First Amended Complaint specifically identifies "Defendant John Doe MPD Officer" under the "PARTIES" heading. *See* First Am. Compl. ¶ 13. The Black's Law Dictionary definition of "party" is similarly clear:  "One by or against whom a lawsuit is brought…" *Party*, *Black's Law Dictionary* (10th ed. 2014).

In arguing that defendant John Doe is not a party, plaintiffs appear to conflate service with party status. *See* Pls.' Mot. 1. Service goes to personal jurisdiction, which John Doe has not challenged. *See* Fed. R. Civ. P. 12. Additionally, plaintiffs' position that John Doe cannot file a responsive pleading is particularly inapt, as plaintiffs are the ones who have brought a claim against him. Had John Doe not engaged in the litigation by filing a responsive motion, the Court could have dismissed him under Rule 4(m) on, or after, April 3, 2018, because plaintiffs failed to effect service within 90 days of filing their Amended Complaint [29]. Plaintiffs did not have a discovery request pending seeking the name of John Doe when he filed his motion on March 30, 2018. As a result, there is no reason to suspect plaintiffs would have served John Doe by April 3, 2018.[2]

---

[2]     All defendants object to plaintiffs' suggestion that defendants are improperly withholding John Doe's identity to run the statute of limitations. *See* Pls.' Mot. 5 ("If they want 'John Doe' to remain aloof from these proceedings and hope Plaintiffs will not learn his identity by January 20, 2020, they should not be permitted to file motions on his behalf in the meantime"). As set out here and in John Doe's motion, [40] 5–8, plaintiffs voluntarily chose not to further pursue discovery of John Doe's identity. In addition, defendants' counsel has represented to plaintiffs' counsel that

Rather than wait for the service deadline to pass, John Doe filed a motion under Rules 12 and 56—engaging plaintiffs in the claims brought against him. Although the motion was filed under a John Doe pseudonym, defendant John Doe's identity is known. *Cf. Hard Drive Prods., Inc. v. Does*, 2012 WL 3296582, at \*3 (D.D.C. Aug. 13, 2012) (denying a motion by an individual who was not certain to be one of the "John Doe" defendants). As plaintiffs represent in their motion, defense counsel know John Doe's identity and represent him.[3] Under these circumstances, courts consistently treat John Doe defendants as parties. For example, John Does are considered when a court evaluates whether it has diversity jurisdiction over an action. *See, e.g.*, *Majid v. Fed. Bureau of Investigation*, 245 F. Supp. 3d 63, 73 (D.D.C. 2017). And contrary to plaintiffs' assertion that this Court cannot enter judgment for defendant John Doe, *see* Pls.' Mot. 3, this Court routinely grants motions for "John Doe" defendants. *See, e.g.,* Mem. Op. [64], *Simmons v. District of Columbia*, Civil Action No. 1:07-493 (D.D.C. Jan. 5, 2011); *Hampton v. Comey*, 2016 U.S. Dist. LEXIS 15064 at \*62–65 (D.D.C. Feb. 8, 2016) (ABJ); *Naegle v. Albers*, 110 F. Supp. 3d 126, 154–57 (D.D.C. 2015) (ABJ); *Segelstrom v. Citibank, N.A.*, 76 F. Supp. 3d 1, 20 (D.D.C. 2014); *Hartley v. Officer Wilfert*, 931 F. Supp. 2d 230, 233–34 (D.D.C. 2013); *M.K. v. Tenet*, 99 F. Supp. 2d 12, 17-18 (D.D.C. 2000).

---

the District knows the identity of defendant John Doe and would provide plaintiffs' counsel with John Doe's identity immediately, if ordered by the Court. Plaintiffs' suggestion of gamesmanship is unwarranted and mischaracterizes the civility and professionalism with which the Parties have conducted this matter.

[3]    John Doe's motion [40] was not filed by the District of Columbia, as plaintiffs allege, but rather by defendant John Doe, through his counsel.

III.   <u>Joinder Under Rule 21 is Unnecessary and Inappropriate.</u>

As noted above, John Doe is a party to this litigation. It is therefore unnecessary for the Court to "join" him under Rule 21. Additionally, joinder by the Court is inappropriate here. Plaintiffs' true grievance is not with an omission of a necessary party, but rather with the fact that plaintiffs do not know the name of the defendant operating under the John Doe pseudonym. *See generally* Charles Alan Wright & Arthur R. Mill *et al.*, *Federal Practice and Procedure* §§ 1681–1689 (3d ed.) (discussing Rule 21).

But, as explained above, plaintiffs were granted leave to serve discovery on the District of Columbia to obtain the identity of John Doe and ultimately withdrew the request. Since then, plaintiffs have not sought leave to serve another request, nor is there any basis to do so given the posture of the case. Now, plaintiffs attempt to shift their responsibility to the Court, by requesting joinder. Plaintiffs do not explain why this remedy is necessary or appropriate, under Rule 21 or otherwise.

IV.   <u>The Court Should Permit Defendant John Doe to Proceed Anonymously.</u>

Even if plaintiffs are technically correct about John Doe's party status (*i.e.*, that he must be joined "formally" to request dismissal or judgment, Pls.' Mot. 4), it is nevertheless appropriate to allow him to continue to proceed anonymously for the limited purpose of his pending dispositive motion. In determining whether to allow a natural person to proceed anonymously in litigation, courts in this jurisdiction generally balance the individual's "non-speculative privacy interests" against the "public's substantial interest in knowing the identities of the parties in litigation"

and "any legitimate interest that the [other party] may have in revealing the [individual's] identity." *John Doe Co. v. Consumer Fin. Prot. Bureau*, 321 F.R.D. 31, 34 (D.D.C. 2017) (internal quotations omitted); *see also id.* at 32–33 (enumerating various "tests" applied to party anonymity inquiry). The individual's privacy interests are at their peak when "identification poses a risk of retaliatory physical or mental harm." *See id.* at 33.

There is no doubt that law enforcement officers have a general, legitimate interest in shielding their personal information from public disclosure. *See Stone v. F.B.I.,* 727 F. Supp. 662, 664-65 (D.D.C. 1990), *aff'd*, No. 90-5065, 1990 WL 134431 (D.C. Cir. Sept. 14, 1990); *Seized Prop. Recovery, Corp. v. U.S. Customs & Border Prot.*, 502 F. Supp. 2d 50, 58 (D.D.C. 2007). And, here in particular, there is evidence that the release of John Doe's identity will subject him to harassment, targeting, and retaliation. *See* Gov't Mot. *in Limine* Re. Expert Witness, 2017 CF2 1300 (D.C. Super. Ct. Mar. 2, 2018) (describing efforts to "target" law enforcement officers and prosecutors involved in Inauguration Day arrests and prosecutions). Thus, especially given the inflammatory nature of plaintiffs' allegations against John Doe, his interest in remaining anonymous is significant.

On the other hand, at this early stage in the litigation, plaintiffs have identified no legitimate interest in knowing (much less publicizing) John Doe's identity. Indeed, plaintiffs consented to John Doe's motion to file video images of himself under seal [39]. The public interest in disclosure of John Doe's name is *de minimis* compared to John Doe's legitimate privacy concerns, especially where his

10

request for anonymity is only temporary. *See Doe v. Teti*, 2015 WL 6689862 at *11 (D.D.C. Oct. 19, 2015) (citing *Qualls v. Rumsfeld*, 228 F.R.D. 8, 10 (D.D.C. 2005). In short, if the Court is inclined to grant plaintiffs' alternative request to "formally" join John Doe, he should be permitted to proceed anonymously until his pending dispositive motion is resolved unfavorably.

## CONCLUSION

For the foregoing reasons, this Court should deny plaintiffs' motion to strike defendant John Doe's motion to dismiss or, in the alternative, for summary judgment, and deny plaintiffs' request that John Doe be named and joined as a party.

Dated:  May 3, 2018.        Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

TONI MICHELLE JACKSON
Deputy Attorney General
Public Interest Division

*/s/ Fernando Amarillas*
FERNANDO AMARILLAS [974858]
Acting Chief, Equity Section

*/s/ Amanda J. Montee*
AMANDA J. MONTEE [1018326]
MATTHEW R. BLECHER [1012957]
ERIC U. JOHNSON [1030661]
Assistant Attorneys General
441 Fourth Street, N.W., Suite 630 South
Washington, D.C.  20001
(202) 724-5691; (202) 741-8934 (fax)
amanda.montee@dc.gov

*Attorneys for Defendant John Doe*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SHAY HORSE, *et al.*,<br><br>              Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>              Defendants. | Civil Action No. 17-1216 (ABJ) |

## ORDER

Upon consideration of plaintiffs' Motion to Strike "Defendant John Doe's" Motion to Dismiss or for Summary Judgment, or In the Alternative Require that "John Doe" Be Named and Joined as a Party, defendant John Doe's opposition, and the entire record, it is this _____ day of May, 2018, ORDERED that the Motion is DENIED.

_____
THE HONORABLE AMY BERMAN JACKSON
Judge, United States District Court for the District of Columbia