UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAY HORSE, *et al.,*<br><br>                              Plaintiffs,<br><br>      v.<br><br>DISTRICT OF COLUMBIA, *et al.,*<br><br>                              Defendants. | No. 1:17-cv-01216 (ABJ) |

**REPLY BRIEF IN SUPPORT OF**
**PLAINTIFFS' MOTION TO STRIKE "DEFENDANT JOHN DOE'S" MOTION TO**
**DISMISS OR FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE REQUIRE**
**THAT "JOHN DOE" BE NAMED AND JOINED AS A PARTY**

The Federal Rules of Civil Procedure and precedent from numerous federal courts, including this one, confirm what logic dictates: A person cannot be dismissed from, or obtain judgment in, a case to which he is not a party any more than a person can exit a room he isn't in or win a game he isn't playing.

Defendants do not deny that Rules 12 and 56 forbid filings by non-parties or that the consensus view among federal courts is to strike, reject, deny as moot, or otherwise disallow dispositive motions filed by non-parties. In fact, Defendants do not cite a single case holding otherwise. Instead, Defendants argue that the prohibition on non-party dismissal and summary judgment motions cannot be enforced via motions to strike and that "John Doe" is in fact a party — one who nonetheless, counterintuitively, is resisting joinder. Each contention is easily rejected. Further, "John Doe" has also failed to justify proceeding by pseudonym in this case.

**1.** Notwithstanding Defendants' suggestion that a motion to strike is inappropriate in this circumstance, federal courts have in fact struck non-party dispositive motions such as this one. *See DRFP, LLC v. Republica Bolivariana de Venezuela*, No. 2:04-CV-793, 2012 WL 995288, at

1

*2 (S.D. Ohio Mar. 22, 2012); *Wasson v. Riverside County*, 237 F.R.D. 423, 423 n.1 (C.D. Cal. 2006). Others have used different labels but treated such non-party dispositive motions similarly: courts have "dismissed" motions to dismiss filed by non-parties, *Church-El v. Bank of N.Y.*, 2015 WL 757690, at *2 (D. Del. Feb. 19, 2015); *Balik v. Travelers Ins. Co.*, 125 F.R.D. 149, 149–50 (E.D. Wis. 1989), or held that such motions "cannot be considered," *Kimes v. Lab. Corp. of Am.*, 2002 WL 31812919, at *1 (M.D.N.C. Dec. 13, 2002). Whatever the label, courts have consistently done what Plaintiffs now ask of this Court: to reject out of hand a dispositive motion filed by a non-party.

Plaintiffs do not deny that their motion is not one contemplated by Rule 12(f). But Rule 12(f) does not purport to be exclusive; indeed, a number of other Rules permit motions to strike, as Defendants themselves note, *see* ECF 43, at 4 n.1. Moreover, motions to strike are not so anomalous as Defendants suggest. In addition to the two instances Defendants note, *see* ECF 43, at 4-5, this Court has, in the absence of a governing rule, granted motions to strike a motion, *see Kungle v. State Farm, Fire & Cas. Co.*, 48 F. Supp. 3d 67, 72, 74 (D.D.C. 2014), expert reports, *see U.S. ex rel. Mossey v. Pal-Tech, Inc.*, 231 F. Supp. 2d 94, 99 (D.D.C. 2002); *In re Fannie Mae Sec. Litig.*, 2011 WL 833349, at *2 (D.D.C. Mar. 8, 2011), a discovery statement, *see Arakelian v. Nat'l W. Life Ins. Co.*, 126 F.R.D. 1, 3 (D.D.C. 1989), deposition errata sheets, *see Jackson v. Teamsters Local Union 922*, 310 F.R.D. 179, 190 (D.D.C. 2015), and a notice of supplemental authority, *see Oceana, Inc. v. Pritzker*, 2014 WL 3907795, at *1 (D.D.C. Aug. 12, 2014). The D.C. Circuit has affirmed other uses of motions to strike not specifically contemplated by the rules, including a motion to strike evidence, *see Wannall v. Honeywell, Inc.*, 775 F.3d 425, 427, 430 (D.C. Cir. 2014), and a motion to strike a statement of material facts, *see Jackson v. Finnegan,*

*Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 147 (D.C. Cir. 1996). Accordingly, there is no bar on striking documents other than pleadings.

Defendants' contention that this Court "routinely grants motions for 'John Doe' defendants," *see* ECF 43, at 8, is problematic on several levels. First, the proposition's careful wording (motions "for" instead of "by" "John Doe" defendants) betrays that several of Defendants' examples are not at all analogous to the circumstances here. Specifically, three of Defendants' six citations reflect circumstances in which courts, while ruling on motions by named defendants, also dismissed "John Doe" parties *sua sponte* because the claims against them were insubstantial or the Does were never named — not where courts entertained arguments raised by the "John Doe" defendants themselves, as the Defendants here would have this Court do. *See Hampton v. Comey*, 2016 WL 471277, at *20 (D.D.C. Feb. 8, 2016); *Naegle v. Albers*, 110 F. Supp. 3d 126, 154–57 (D.D.C. 2015); *Segelstrom v. Citibank, N.A.*, 76 F. Supp. 3d 1, 20 (D.D.C. 2014). Second, two of Defendants' six authorities in fact did *not* grant motions "by" or "for" a "Doe" defendant. *See Hartley v. Wilfert*, 931 F. Supp. 2d 230, 233–34 (D.D.C. 2013) (denying motion to dismiss the unnamed "Jane Doe" as premature); *M.K. v. Tenet*, 99 F. Supp. 2d 12, 18 (D.D.C. 2000) (responding to objection regarding improper service on "John Doe" defendants by granting plaintiffs an additional 30 days to serve). Finally, Defendants do muster one case in which this Court granted a motion to dismiss by "John Doe" defendants on the ground that they hadn't been served, but the Court there did not discuss, or give any indication that it had considered, the propriety of motions to dismiss by non-parties. *See Simmons v. District of Columbia*, 750 F. Supp. 2d 43 (D.D.C. 2011). Cases do not stand for propositions they assume without deciding. *See Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 478-79 (2006).

The irregularity and obvious impropriety, under Rules 12 and 56 and the weight of precedent, of entertaining non-party dismissal and summary judgment motions, *see generally* ECF 42, justifies the use of a motion to strike in this instance. Indeed, as noted, courts regularly either strike such motions or grant comparable relief. Defendants' protests about Plaintiffs' chosen procedural vehicle should not distract from the central point: non-party dispositive motions are improper, and Defendants point to no authorities holding the contrary.

**2.** Defendants' claim that "John Doe" is already a party to this case is defeated by Supreme Court precedent. The Court has explained that

> one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend. Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action[.]

*Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350–51 (1999) (citations omitted). In light of this controlling understanding of who is a "party" to a lawsuit, this Court has repeatedly disallowed dismissal and summary judgment motions not just by non-parties but specifically by "John Doe" non-parties. *See Hard Drive Prods., Inc. v. Does*, 2012 WL 3296582, at *3 (D.D.C. Aug. 13, 2012); *Maverick Entm't Grp., Inc. v. Does,* 810 F. Supp. 2d 1, 16 (D.D.C. 2011). The Court should do likewise here.

Defendants' insistence that "John Doe" is already a party is irreconcilable with their objection to his joinder. What follows from Defendants' contention that "John Doe" is already a party — and indeed, has retained counsel and filed a dispositive motion on his own behalf, *see* ECF 43, at 8 n.3 — is not that his joinder would be redundant but that there is no valid objection to joinder: Plaintiffs are asking only that the Court formalize the status that "John Doe" is already claiming for himself and attempting to exercise. If Defendants were correct that "John Doe" could

move to dismiss or for summary judgment but escape being joined as a party, the result would be that "John Doe" could have all the benefits of the party — such as the ability to move for dispositive relief — without the burden of having to appear, defend himself, and face judgment if he loses.

To be clear: Plaintiffs are not suggesting "gamesmanship" or unprofessionalism on the part of defense counsel. *See* ECF 43, at 7 n.2. "John Doe" understandably does not wish to be named and joined, and neither "John Doe" nor his counsel is under an obligation to facilitate Plaintiffs' attempts to do so. Plaintiffs have no quarrel with the fact that or the manner in which "John Doe's" counsel are pursuing his interests. Plaintiffs merely contend, respectfully, that permitting "John Doe" to file dispositive motions while avoiding subjecting himself to any consequences of this litigation is impermissible. Either "John Doe" is part of this litigation and can win or lose like any other party, or he is not — in which case he should not be able to ask this Court to declare him the winner while declining to appear and thereby insulating himself from the possibility of losing.

Defendants' claim that Plaintiffs' failure to identify and name "John Doe" is somehow Plaintiffs' fault, *see* ECF 43, at 7 n.2 is not well-taken: as Defendants themselves recount, they twice resisted Plaintiffs' request to identify him during limited discovery. ECF 43, at 2-3. On the second occasion, Plaintiffs made the strategic choice to drop their demand for identity of "John Doe" identity in order to secure Defendants' consent to the remainder of their expedited-discovery requests. *See* ECF 26 (consent motion for second round of expedited discovery). Not only did Plaintiffs not need to name "John Doe" for another two years because their amended complaint pursues only a constitutional claim against him, but Plaintiffs also recognized that they would have been on shaky ground filing a contested expedited-discovery motion for information that Plaintiffs

did not truly need on an expedited basis. *Accord* ECF 43, at 9 (agreeing that there is currently no basis for Plaintiffs to pursue disclosure of the identity of "John Doe").

**3.** Assuming that this Court joins "John Doe" as a party rather than striking his motion entirely, "John Doe" has requested that he be permitted to proceed under a pseudonym "until his pending dispositive motion is resolved unfavorably." ECF 43, at 11. (Defendants do not actually say whether he would be served if granted pseudonymity, but Plaintiffs expect any order joining "John Doe" as a party would deem him to have been served by virtue of his affirmative participation in the case. Without service or its equivalent, his party status would still be in question.) The pseudonymity request is unjustified.

Federal and local rules generally require disclosure of the identities of parties to litigation. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]") & 17(a)(1) ("An action must be prosecuted in the name of the real party in interest."); D.D.C. Local Civil R. 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party."). "Disclosure of the parties' identities furthers the public interest in knowing the facts surrounding judicial proceedings." *Nat'l Ass'n of Waterfront Employers v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008). Of course, there are circumstances warranting departure from this presumption, but in general, pseudonymity in litigation is granted to protect a person's interest in privacy regarding intimate facts, not to protect public servants from allegations about their performance of official duties. *See, e.g., Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) ("Examples of areas where courts have allowed pseudonyms include cases involving abortion, birth control, transexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality." (internal quotation marks omitted)). "When a party raises a privacy interest, a court must balance that interest against the 'customary and constitutionally-embedded

presumption of openness in judicial proceedings.'" *Chao*, 587 F. Supp. 2d at 99 (quoting *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)).

This Court has provided a non-exhaustive list of considerations relevant to the pseudonymity inquiry:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
> (3) the ages of the persons whose privacy interests are sought to be protected;
> (4) whether the action is against a governmental or private party; and
> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (footnotes omitted).

These considerations do not justify pseudonymous proceedings here. First, the matter at issue is not "of a sensitive and highly personal nature," but instead the performance of "John Doe" as a government employee. Defendants' attempt to justify the use of a pseudonym based on the "inflammatory nature" of the allegations against him, ECF 43, at 10, falls squarely into the category of a request "to avoid the annoyance and criticism that may attend any litigation." Second, the government has cited a filing in a different case to suggest that police officers face retaliation for their conduct in connection with Inauguration Day 2017. But this document has not been filed in this case nor provided to Plaintiffs. More broadly, permitting a law enforcement officer to proceed under a pseudonym for claims against him for his conduct while on-duty sets a dangerous and potentially far-reaching precedent; because law enforcement frequently face criticism for their conduct, this Court might be faced with a flood of pseudonymity requests in cases against police officers alleging official misconduct. The third factor (age) is not at issue here. As to the fourth factor, whether the action is against a private or governmental party, there is a strong public interest

in knowing how law enforcement officers perform their duties so that members of the public can exercise their power through the democratic process to demand reform if needed; accordingly, the fact that "John Doe" is a governmental rather than a private actor counsels against the use of a pseudonym. *See Doe v. Megless*, 654 F.3d at 411 (finding that the public interest in disclosure increases if the defendants are public officials and government bodies); *accord Company Doe v. Pub. Citizen*, 749 F.3d 246, 274 (4th Cir. 2014). As to the final factor, unfairness to parties, the extraordinary request that "John Doe" remain unknown even to the Plaintiffs, *see* ECF 43, at 10 ("plaintiffs have identified no legitimate interest in knowing … John Doe's identity"), forces Plaintiffs to litigate at a disadvantage. "John Doe" has moved not just to dismiss but also for summary judgment, so Plaintiffs must marshal facts to support their claims. Without knowing the identify of "John Doe," Plaintiffs cannot investigate to learn whether this officer has been involved in past incidents of unjustified groping of suspects, *cf. McComb v. Ross*, 202 F. Supp. 3d 11, 14, 17-18 (D.D.C. 2016) (permitting amendment of complaint to add allegations about the District's failure to supervise and discipline officers with a history of complaints regarding inappropriate groping of suspects' private areas) — facts that would support Plaintiffs' allegations in this case. Another anomalous result of the pseudonymity request here is that, if judgment is granted to "John Doe," neither the Plaintiffs nor apparently the Court (for "John Doe" does not propose to reveal his identity to the Court either) would know in whose favor the judgment runs.

\* \* \*

Because the Federal Rules do not permit, and courts (including this Court) regularly reject, dispositive motions by non-parties, the motion filed by non-party "John Doe" should be stricken. In the alternative, the Court should order that "John Doe" be named and joined as a party.

If the dispositive motion of "John Doe" remains pending after this Court rules on the motion to strike and fewer than ten days remain until Plaintiffs' deadline of May 21, Plaintiffs respectfully request (and Defendants do not oppose) that the Court grant Plaintiffs ten days after this Court's order to respond to the motion. *See* ECF 42, at 5.

<div style="margin-left:40%">

Respectfully submitted,

*/s/ Scott Michelman*
Scott Michelman (D.C. Bar No. 1006945)
Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union Foundation
   of the District of Columbia
915 15th Street NW, Second Floor
Washington, D.C. 20005
Tel. 202-457-0800
smichelman@acludc.org

</div>

May 8, 2018                           Counsel for Plaintiffs