UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHAY HORSE, *et al.*,

                Plaintiffs,

v.

DISTRICT OF COLUMBIA, *et al.*,

                Defendants.

No. 1:17-cv-01216 (ABJ)

**CONSENT MOTION TO EXTEND SERVICE DEADLINE IMPOSED BY
THE COURT'S NOVEMBER 20, 2018 MINUTE ORDER**

    With the consent of Defendant District of Columbia, Plaintiffs hereby move to extend the date for service of the complaint on Defendant John Doe to and including January 7, 2019.

    On November 30, 2018, which is the deadline this Court set for providing Defendant John Doe's real name to Plaintiffs and to the Court, undersigned counsel for Plaintiffs learned from counsel for the District that Defendant John Doe will be obtaining his own private counsel. For this reason, the District sought a 7-day extension to name him.

    Such an extension, while unobjectionable to Plaintiffs on principle, would further cut into Plaintiffs' already-truncated time to serve John Doe under this Court's minute order of November 20. Under the Court's order, Doe must be served by December 14, 2018. And because Doe is obtaining separate counsel, counsel for the District has indicated that she is unable to accept service on Doe's behalf. Plaintiffs must therefore either wait to learn the identity of Doe's new counsel and ascertain whether he or she can accept service, or serve Doe independently.

    Serving process on police officers is difficult, and for that reason the MPD has established a mechanism whereby the Department will assist. Specifically, MPD General Order 701.04, § IV(B), sets forth a procedure under which papers for service are provided to MPD, MPD has 2

1

days to provide them to the officer, and the officer has 14 days to decide whether to accept and acknowledge service via MPD. If the officer does not agree, service is not complete, and must be made by more conventional means. But that process does not necessarily work as quickly as would appear. When Plaintiffs previously followed the procedures of General Order 701.04 to serve the other individual defendants in this lawsuit, service was not accepted until 22 days after Plaintiffs provided MPD with copies of the summonses and complaints.

Because of the inability of counsel for the District to accept service and the time associated with service via General Order 701.04, Plaintiffs and the District agreed that Plaintiffs would consent to the District's motion to extend today's deadline for disclosure of John Doe's name and the District would consent to Plaintiffs' motion for an extension of time to serve him.

For these reasons, Plaintiffs' motion to extend the time for service should be granted. A proposed order is filed herewith.

                              Respectfully submitted,

*/s/ Scott Michelman*
Scott Michelman (D.C. Bar No. 1006945)
Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union Foundation
  of the District of Columbia
915 15th Street NW, Second Floor
Washington, D.C. 20005
(202) 457-0800
smichelman@acludc.org

November 30, 2018                     Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAY HORSE, *et al.*,<br><br>       Plaintiffs,<br>v.<br>DISTRICT OF COLUMBIA, *et al.*,<br><br>       Defendants. | No. 1:17-cv-01216 (ABJ) |

## [Proposed] ORDER

Upon consideration of plaintiffs' consent motion to extend the time for service on defendant John Doe, it is hereby ORDERED that the motion is GRANTED. Plaintiffs shall serve defendant John Doe by January 7, 2019.

Date: _____

                       Hon. Amy Berman Jackson
                       United States District Judge