# Exhibit C

GOVERNMENT OF THE DISTRICT OF COLUMBIA
Office of the Attorney General

ATTORNEY GENERAL
KARL A. RACINE

Public Interest Division
Equity Section

October 6, 2017

**Via Electronic Mail**

Arthur B. Spitzer, Esq.
Scott Michelman, Esq.
Shana Knizhnik, Esq.
American Civil Liberties Union Foundation
of the District of Columbia
4301 Connecticut Avenue, N.W., Suite 434
Washington, D.C. 20008

Re:   Search Allegations in *Horse, et al. v. District of Columbia, et al.* (Civil Action No. 17-1216 (ABJ))

Dear Counsel:

The District of Columbia has investigated the allegations of plaintiffs Shay Horse and Michael "Milo" Gonzalez regarding rectal searches contained in their Complaint, ¶¶ 113–28, 198–206, in *Horse v. District of Columbia,* Civil Action No. 17-1216 (ABJ). Video surveillance footage recorded at the facility where plaintiffs Horse and Gonzalez were processed does not support and, indeed, contradicts their allegations. Simply put, plaintiffs Horse and Gonzalez were not subject to manual rectal searches by the District of Columbia. We invite you to review the footage for yourselves. Once you have done so, we ask that plaintiffs Horse and Gonzalez withdraw their rectal search allegations, all claims and causes of action related to those allegations, and any related discovery requests, including Interrogatory 3.

In their Complaint, plaintiffs Horse and Gonzalez assert that they were the subjects of rectal searches by an unnamed District of Columbia defendant at what they believe to be the MPD Training Academy on Blue Plains Drive, S.W., in a "training area that was set up to look like a mock street." Compl. ¶¶ 113–14. Plaintiffs' description of the location corresponds to the setting at the MPD Training Academy where plaintiffs Horse and Gonzalez were processed and, while fully clothed,

Search Allegations in *Horse v. District of Columbia*
October 6, 2017
Page 2

received pat-down searches. No rectal search of them was conducted by any District defendant.

The video footage from the MPD Training Facility captures plaintiffs Horse and Gonzalez from the time they arrived until their release on January 21, 2017. When you watch that footage, you will see the following: (1) plaintiffs Horse and Gonzalez did not remove or pull down their pants for the searches. *Cf.* Compl. ¶ 115 ("Defendant Officer John Doe 150, who was wearing rubber gloves, ordered Mr. Horse, Mr. Gonzalez, and three other detainees to remove their pants."); (2) plaintiffs Horse and Gonzalez were not searched in a line with three other detainees. *Cf.* Compl. ¶ 124 ("Officer John Doe 150 then moved down the line and subjected the other three detainees there to similar treatment"); Shay Horse, ACLU Press Conference (June 21, 2017) ("[A] group of officers, maybe a dozen, lined up five male detainees, including myself"); (3) "Officer John Doe 150" did not "grab[ ] Mr. Horse's testicles and yank[ ] on them." *Cf.* Compl. ¶ 116; and (4) plaintiffs Horse and Gonzalez were not subject to a visual or physical rectal examination. *Cf.* Compl. ¶¶ 117–22, 198, 201, 204.

We propose the Parties meet and confer in person at OAG on October 10, 2017, where we will make the video footage available for your review. Once an agreed-upon protective order is in place, the District then will produce one copy of the video footage to counsel. We expect to have a copy of the footage ready to produce on October 13, 2017, and have enclosed a draft proposed stipulated protective order with this letter.

The video footage establishes that the allegations in ¶¶ 115–26, 198, 201, and 204 of plaintiffs' Complaint are unsupported and contrary to fact. Once you have had an opportunity to review the video footage, we request that plaintiffs withdraw those allegations and all related claims and discovery. Should plaintiffs not agree to do so by 1 p.m. on October 13, 2017, the District will pursue all its available legal remedies.

Please let us know when you are available to meet on October 10, 2017.

Sincerely,

KARL A. RACINE
Attorney General for the District of Columbia

By: */s/ Amanda J. Montee*
Amanda J. Montee
Assistant Attorney General

# Exhibit D

| | |
|---|---|
| **From:** | Scott Michelman <smichelman@acludc.org> |
| **Sent:** | Thursday, October 26, 2017 2:57 PM |
| **To:** | Montee, Amanda (OAG); Johnson, Eric (OAG) |
| **Cc:** | Art Spitzer; Shana Knizhnik; Elaine Stamp |
| **Subject:** | Horse v. D.C. -- proposal for new motion re discovery and amending the complaint |

Amanda –

Thank you for the opportunity to view the Blue Plains video and read IAD's report. We have completed our investigation, and we agree with you that the factual allegations need to be amended. We also intend to drop or modify several claims. We will do both these things when we amend the complaint.

We are still in the process of showing the photos to our clients and to witnesses in accordance with the protective order. We will send you next week a list of the Bates-stamp numbers of particular officers in your production whose names we would like you to provide (as agreed) because they were identified by one or more plaintiffs and/or witnesses.

In the meantime, our continuing investigation has yielded additional information to help us identify defendants. As we envisioned in August, we have a set of badge numbers, equipment numbers, and photographs of our own to ask you to match with officer names. We are in the process of finalizing that list and should have it by the end of next week. We would like to serve these as very simple discovery requests each of which will take (substantially) one of the following three forms: (a) "Identify the officer pictured in this photograph," (b) "Identify the officer whose badge number is XXX," or (c) "Identify the officer who wore/carried XXX piece of equipment numbered XXX on January 20, 2017 at the Incident (as defined in our prior Interrogatories)." We hope that such narrow requests will be a minimal burden on the Defendants and will not pose any privacy concerns, while enabling us to identify in the most targeted possible way the identities of defendants.

To enable us to obtain this discovery, to address your request to amend the complaint, and to set mutually agreeable deadlines thereafter, we propose the following:
1. We serve, by email to you, "identification" interrogatories of the types described above, on or before Friday, November 3. These will not count against our interrogatory limit. You agree to respond in 30 days, by Monday, December 4.
2. We request, by email to you on or before Friday, November 3, the officer names corresponding to specific Bates numbers from your binder. You agree to respond within 7 days, by Friday, November 10.
3. We agree to withdraw interrogatory 3 (referring to the search described in the original complaint).
4. We ask for 21 days after your next production (i.e., until December 26) to amend the complaint – which will include adding names of officers and dropping or modifying factual allegations and legal claims relating to the search at Blue Plains.
5. We deliver back to you the binder with the photographs, the Blue Plains video, and the IAD report, on or before the day we file the amended the complaint.
6. We ask for 30 days (i.e., until January 25) for you to respond to the amended complaint.

Please let me know if these next steps and deadlines are agreeable to the Defendants, and we will formalize in a consent motion.

Thank you.
Scott


Scott Michelman
Senior Staff Attorney

1

ACLU of the District of Columbia
P.O. Box 11637
Washington, D.C. 20008
(202) 457-0800
smichelman@acludc.org

*This message may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply email that this message has been inadvertently transmitted to you and delete this email from your system.*

# Exhibit E



# GOVERNMENT OF THE DISTRICT OF COLUMBIA
Office of the Attorney General

ATTORNEY GENERAL
KARL A. RACINE

Public Interest Division
Equity Section

November 6, 2017

**Via Electronic Mail**

Arthur B. Spitzer, Esq.
Scott Michelman, Esq.
Shana Knizhnik, Esq.
American Civil Liberties Union Foundation
  of the District of Columbia
4301 Connecticut Avenue, N.W., Suite 434
Washington, D.C. 20008

Re:   *Horse, et al. v. District of Columbia, et al.* (Civil Action No. 17-1216 (ABJ))

Counsel:

The District of Columbia writes in response to plaintiffs' proposed second set of interrogatories and further to our communications about the unfounded search allegations and claims made by plaintiffs Horse and Gonzalez.

We are surprised by your proposed Interrogatory No. 1(b), which includes a screenshot from the Blue Plains Video[1] and seeks the name and badge number of the officer depicted, whom you identify as the officer who "performed searches of Plaintiffs Horse and Gonzalez" at Blue Plains. *See* Pls.' Proposed Second Set of Interrog. to Def. District of Columbia, Interrog. No. 1(b). Our concerns are twofold.

First, any discovery related to the search claims in the Complaint (Claims 14–16) is not relevant because those claims are unfounded. On October 6, 2017, we wrote to inform you that we investigated the search allegations made by Shay Horse and Michael "Milo" Gonzalez in the Complaint, *see* ¶¶ 113–28, 198–206, and found that the video surveillance footage recorded at the facility where Mr. Horse and Mr. Gonzalez were processed (the Blue Plains Video) contradicts their accounts. We provided you the Blue Plains Video on October 17, 2017, subject to a Protective

---

[1]   The image appears to have been taken at approximately 12:56.

*Horse, et al. v. District of Columbia, et al.*
November 6, 2017
Page 2

Order [24]. We brought this matter to your attention and provided the video so that you would have an opportunity review the evidence and remove the false allegations and claims from the Complaint.

As you undoubtedly saw on the video, Mr. Horse and Mr. Gonzalez did not remove, or pull down, their pants for the searches. *Cf.* Compl. ¶ 115 ("Defendant Officer John Doe 150, who was wearing rubber gloves, ordered Mr. Horse, Mr. Gonzalez, and three other detainees to remove their pants."). They were not searched in a line with three other detainees. *Cf.* Compl. ¶ 124 ("Officer John Doe 150 then moved down the line and subjected the other three detainees there to similar treatment"); Shay Horse, ACLU Press Conference (June 21, 2017) ("[A] group of officers, maybe a dozen, lined up five male detainees, including myself."). And they were not subject to a visual or physical rectal examination. *Cf.* Compl. ¶¶ 117–22.

After reviewing the video, on October 26, 2017, you notified the District that you "agree … that the factual allegations need to be amended" and that you "intend to drop or modify several claims." *See* E-mail from Scott Michelman to Amanda J. Montee, *et al.* (Oct. 26, 2017 14:57 EDT). Plaintiffs therefore agreed to withdraw Interrogatory No. 3, which sought the name of the officer who searched Horse and Gonzalez at Blue Plains. *See id.* ("We agree to withdraw interrogatory 3 (referring to the search described in the original complaint)."). Yet plaintiffs now seek the very same information sought by the interrogatory plaintiffs withdrew less than two weeks ago. Given your agreement to amend the Complaint and withdraw Interrogatory No. 3, we see no good-faith basis for plaintiffs to continue to seek this information. Accordingly, we will not agree to plaintiffs' proposed Interrogatory No. 1(b).[2]

Second, and of equal if not greater concern, is plaintiffs' use of the Blue Plains Video in violation of the operative Protective Order [24]. The District provided plaintiffs with the Blue Plains Video (and, subsequently, with materials from the Metropolitan Police Department's Internal Affairs Bureau (IAB) Investigation into plaintiffs Horse and Gonzalez's allegations) for the limited purpose of considering the District's request that plaintiffs withdraw the search-related allegations and claims and Interrogatory No. 3. To that end, the Parties agreed upon—and the Court entered—a Stipulated Protective Order regarding the Blue Plains Video. The Stipulated Protective Order prohibits copying the video, *see* Stipulated Protective Order [24] ¶ 3, transmitting the video, *see id.* ¶ 2, and limits the video's use to plaintiffs' consideration of the District's request that plaintiffs withdraw the search-related allegations and claims, *see id.* ¶ 5. Plaintiffs' recent use of the Blue Plains

---

[2] The District will provide a more complete response to plaintiff's discovery proposal in a separate communication.

*Horse, et al. v. District of Columbia, et al.*
November 6, 2017
Page 3

Video—capturing an image from the video, transmitting that image via electronic means, and (ultimately) using the image in connection with a discovery request—violates both the letter and spirit of the Stipulated Protective Order [24].

We therefore request that you immediately return the Blue Plains Video and IAB materials, destroy all copies of any of these materials (including, but not limited to, any screenshots of the video), and certify when such destruction is complete.[3] The District also renews its request that plaintiffs withdraw claims 14–16 as well as the related allegations in the Complaint. Should plaintiffs not agree to do so by 1 p.m. on November 8, 2017, the District will seek Court intervention.

If you would like to discuss these issues further, please do not hesitate to contact us.

Sincerely,

KARL A. RACINE
Attorney General for the District of Columbia

By: */s/ Eric U. Johnson*
Eric U. Johnson
Assistant Attorney General

---

[3] We recognize that the District recently agreed to allow plaintiffs to maintain possession of the Blue Plains Video and IAB materials until plaintiffs amend the Complaint sometime after November 3, 2017. *See* E-mail (and e-mail chain) from Amanda J. Montee to Scott Michelman, *et al.* (Oct. 27, 2017, 14:10 EDT). However, that agreement was based upon plaintiffs' representation that the purpose of maintaining the materials was to aid plaintiffs in "deciding which claims to drop and which claims to modify in the amended complaint." *See* E-mail from Scott Michelman to Amanda J. Montee, *et al.* (Oct. 27, 2017, 12:00 EDT). Given plaintiffs' affirmative use of the Blue Plains Video for other purposes, and the actions described above that we view as being in violation of the Stipulated Protective Order [24], the District can no longer agree to allow plaintiffs to continue to maintain these materials.

441 Fourth Street, N.W., Suite 630 South, Washington, D.C. 20001, (202) 724-7854, eric.johnson@dc.gov

# Exhibit F

| | |
|---|---|
| **From:** | Scott Michelman <smichelman@acludc.org> |
| **Sent:** | Monday, November 06, 2017 12:00 PM |
| **To:** | Montee, Amanda (OAG); Johnson, Eric (OAG); Jackson, Toni (OAG); Blecher, Matthew (OAG) |
| **Cc:** | Art Spitzer; Shana Knizhnik; Elaine Stamp |
| **Subject:** | RE: Horse v. D.C. -- proposal for new motion re discovery and amending the complaint |

Dear counsel,

This email responds both to Amanda's email and Eric's attached letter.

Regarding Eric's letter and proposed Interrogatory 1(b):

1. We do not see any inconsistency between our actions and the protective order. The protective order specifically allows the use of the video for purposes of this litigation. We did not share the video or any screenshot therefrom with anyone outside the scope of the protective order. Rather, we sent the information to you, who already had it. We do not think it is a reasonable reading of the order to suggest that we could not provide information to the source of the information itself.
2. We have agreed to drop or modify claims 14-16 as you requested. We have not agreed that we will necessarily delete them all and assert no claim arising from the searches at the Blue Plains facility. We agree that the video shows that not all of the allegations made in the original complaint were accurate. However, we also think the video confirms that our clients were subject to invasive and unjustified probing of private good that is actionable as excessive force. Therefore our current plan (subject to further research and further discussion with our clients) is to substantially revise but not eliminate the allegations concerning the individual who searched Mr. Horse and Mr. Gonzalez at the Blue Plains facility. As a result, each of claims 14 to 16 will be dropped or modified. We do not intend to drop all three. We agreed to drop Interrogatory 3 from our initial discovery because it referred to the current allegations of the complaint, which we agree are not entirely accurate. But we still have a need to identify the individual who searched Mr. Horse and Mr. Gonzalez at the Blue Plains facility, because we intend to modify but retain at least one claim against him. We had intended to review the materials provided under protective order again in the process of drafting our amended complaint, which is why we have not yet returned them (as Eric acknowledges in footnote 3 of his letter); the protective order states that we "must return the Blue Plains Video ... once counsel has determined how to respond" to the request to the drop claims 14-16. We believe that deciding how to modify our claims is part of "determin[ing] how to respond" to your request and that is why we still have the video (and the CD with investigative material). But we acknowledge the point is not free from doubt. If you insist, we will in the spirit of cooperation return the two disks provided under protective order. Please let us know if you still insist on immediate return. We trust this explanation covers our reason for including the picture of the searching officer as proposed Interrogatory 1(b). We also trust this explanation obviates the need for whatever "Court intervention" you were contemplating.

Regarding Interrogatories 4-6: Our goal with these questions is to determine which officers fired chemical irritants in order to corroborate what our clients have told us and what our other investigative avenues have revealed in order to minimize the chance that we would misidentify a defendant in the amended complaint. However, in order to address your concerns about scope, would you be amenable to our replacing proposed Interrogatories 4-6 with a single interrogatory listing particular officers by name, badge number, or helmet number, and asking you to simply confirm which of the indicated officers used a chemical irritant at the time and place of the kettle? (The reason for including stingballs is that, as we have learned more about the different chemicals, we have come to understand that some of what our clients experienced seems to have been pepper spray and some seems to have been the chemical irritant associated with stingballs.) That approach will help us name the right people and no others. Otherwise we might have to be overinclusive, which does not seem fair to the potential-defendant officers if it could have been avoided.

I can get you the identifiers for the new proposed interrogatory this afternoon. I will also know by then whether we are asking your consent to the third-party subpoena.

So, to recap, the questions we have are:

a. Do you now consent to Interrogatory 1(b)?
b. Do you insistent that we return the two disks under protective order this week?
c. Do you agree in principle to our proposed compromise regarding Interrgatories 4-6?

Thanks,
Scott


Scott Michelman
Senior Staff Attorney
ACLU of the District of Columbia
P.O. Box 11637
Washington, D.C. 20008
(202) 457-0800
smichelman@acludc.org

*This message may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply email that this message has been inadvertently transmitted to you and delete this email from your system.*

**From:** Montee, Amanda (OAG) [mailto:amanda.montee@dc.gov]
**Sent:** Monday, November 6, 2017 9:38 AM
**To:** Scott Michelman <smichelman@acludc.org>; Johnson, Eric (OAG) <eric.johnson@dc.gov>; Jackson, Toni (OAG) <toni.jackson@dc.gov>; Blecher, Matthew (OAG) <matthew.blecher@dc.gov>
**Cc:** Art Spitzer <aspitzer@acludc.org>; Shana Knizhnik <sknizhnik@acludc.org>; Elaine Stamp <estamp@acludc.org>
**Subject:** RE: Horse v. D.C. -- proposal for new motion re discovery and amending the complaint

Scott,

We will provide partial consent to your proposed Plaintiffs' Second Set of Interrogatories to Defendant District of Columbia. We will consent to Interrogatory Nos. 1(a), 1(c), 2, and 3.

We will oppose Interrogatory Nos. 1(b), 4, 5, and 6. Interrogatory Nos. 4 and 5 request the name and badge numbers all or nearly all CDU MPD Officers who deployed O.C. spray in the area of the riots on January 20, 2017. Plaintiffs are only four individuals who, according to the Complaint, where sprayed one or two times. Further, plaintiffs have already had an opportunity to identify the officers who they allege sprayed them. The interrogatory is overbroad and unreasonable.

Interrogatory No. 6 seeks information that is not relevant; the officers who deployed stingballs are not relevant to plaintiffs' identification of John Doe defendants.

Regarding Interrogatory No. 1(b), please see the attached.

Thank you,

2

Amanda J. Montee
Assistant Attorney General
Equity Section
Public Interest Division
Office of the Attorney General for the District of Columbia
441 Fourth Street, N.W., Suite 630 South
Washington, D.C. 20001
amanda.montee@dc.gov
Phone: (202) 724-5691
Fax: (202) 741-8934

Confidentiality Notice: This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

Metadata: This e-mail transmission and any accompanying material may contain embedded metadata. Any included metadata is confidential or privileged information and is not intended to be viewed by a non-client recipient.

**From:** Scott Michelman [mailto:smichelman@acludc.org]
**Sent:** Thursday, November 02, 2017 6:13 PM
**To:** Montee, Amanda (OAG); Johnson, Eric (OAG); Jackson, Toni (OAG); Blecher, Matthew (OAG)
**Cc:** Art Spitzer; Shana Knizhnik; Elaine Stamp
**Subject:** RE: Horse v. D.C. -- proposal for new motion re discovery and amending the complaint

Amanda – Feel free to ignore my prior email about the binder and the extension – looking back, I realized you already agreed in your email of Friday afternoon the 27th. Sorry to trouble you with that.

As for the subpoena, we are working on the possibility that the witness will speak with us voluntarily, which we hope to learn on Monday. I'll send the subpoena to you Monday afternoon if we still want to seek your consent to include it in the discovery.

Thanks,
Scott


Scott Michelman
Senior Staff Attorney
ACLU of the District of Columbia
P.O. Box 11637
Washington, D.C. 20008
(202) 457-0800
smichelman@acludc.org

3

# Exhibit G

