UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAY HORSE, *et al.*,<br><br>            Plaintiffs,<br>     v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>            Defendants. | No. 1:17-cv-01216 (ABJ) |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE ON THE PUBLIC DOCKET
THEIR MOTION TO AMEND THEIR COMPLAINT**

On September 27, 2019, this Court issued an extensive oral ruling on Defendants' motion to dismiss Plaintiffs' Amended Complaint. That ruling allowed many of Plaintiffs' claims to proceed but dismissed a number of Plaintiffs' claims as well. Some of these were dismissed for reasons that would be difficult to cure through amendment, but some were dismissed for reasons that additional allegations or more focused pleading can cure. (In accordance with this Court's minute order of March 29, 2018, this motion assumes general familiarity with Plaintiffs' allegations.) Plaintiffs will seek to amend their complaint to cure what deficiencies can be cured, and they wish to do so at this time, in advance of the expected mediation process, because the nature of the claims and damages present in the case affects the settlement value of the case.

One of the proposed amendments will be to add John Doe's true name. Defendant John Doe has already agreed not to oppose such an amendment:

> As a result of good faith negotiations, Plaintiffs and Defendant John Doe have agreed as follows:
>
> Plaintiffs agree that, until the resolution of John Doe's forthcoming motion to dismiss and/or for summary judgment, they will not contest maintaining the seal on John Doe's true identity and will continue to use his pseudonym in litigating the forthcoming motion to dismiss and/or for summary judgment.

1

> Defendant John Doe agrees to accept service of process through his counsel and further agrees that in the event he remains as a party to the case following the resolution of his forthcoming motion to dismiss and/or for summary judgment, he will not oppose Plaintiffs amending their complaint to state John Doe's true name and he will not otherwise seek to avoid the use of his true name in this litigation.

ECF 54.

The Court's prior orders, too, envision that John Doe's name would become public if his motion to dismiss and/or for summary judgment was denied. *See* Minute Order of Dec. 13, 2018 ("Defendant John Doe ... may continue to proceed in this case under a pseudonym *pending the resolution of that motion*." (emphasis added)).

Nonetheless, because the true name of John Doe remains available only in sealed documents, Plaintiffs, in an abundance of caution, seek the Court's leave to file their motion for leave to amend — which will include in the proposed amended complaint John Doe's true name — on the public docket.

Counsel for Defendants other than John Doe has conveyed to undersigned counsel that they take no position on this motion.

Plaintiffs believe that Defendant John Doe has already consented to this motion. *See* ECF 54. As a courtesy, undersigned counsel informed John Doe's counsel that Plaintiffs intended to file this motion, and counsel for John Doe takes the position that any motions concerning the amendment of the complaint are inappropriate during the pendency of mediation.

The motion should be granted in accordance with the parties' and this Court's prior understanding regarding the circumstances under which John Doe's name would be revealed and because of the strong presumption of full public access to judicial records.

## ARGUMENT

Parties in civil proceedings must include their names on their pleadings. Fed. R. Civ. P. 10(a). This rule does not exist solely to satisfy administrative considerations. Rather, it "illustrates "the principle that judicial proceedings, civil as well as criminal, are to be conducted in public." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir.1997)). While courts maintain discretion to excuse compliance with the rules, the circumstances where this occurs are unusual and the grant of pseudonymous status is a "rare dispensation." *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995). Accordingly, the party seeking pseudonymity carries the burden of persuading the court that such circumstances have arisen. *Roe v. Doe*, 319 F. Supp. 3d 422, 426 (D.D.C. 2018).

In determining whether a party satisfied this burden, courts balance the privacy interests asserted against the interests of the opposing party and the public. Courts in this jurisdiction rely on five factors to guide this analysis:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
> (3) the ages of the persons whose privacy interests are sought to be protected;
> (4) whether the action is against a governmental or private party; and
> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Nat'l Ass'n of Waterfront Employers v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008) (internal footnotes and citations omitted).

These factors do not favor pseudonymous proceeding in the case of John Doe. The Government suggested more than a year ago that if the public learns Officer Doe's name, then he

3

will face "harassment, targeting, and retaliation." ECF 43 at 10. To substantiate this contention, the Government relied solely on a motion in limine that includes statements of an expert witness "describing efforts to 'target' law enforcement officers and prosecutors involved in the Inauguration Day arrests and prosecutions." *Id.* This vague reference to "target[ing]" would not raise concrete concerns about retaliation specific to John Doe any more than the other officer-defendants in this case, whose identities have been public for nearly two years (since the filing of the Amended Complaint on January 3, 2018) — without apparent incident. Mere "speculat[ion]" does not justify pseudonymity. *Doe v. Teti*, No. 1:15-MC-01380, 2015 WL 6689862, at *3 (D.D.C. Oct. 19, 2015)

The Government has further noted that this case involves "inflammatory . . . allegations," ECF 43 at 10, but the mere possibility of "annoyance or criticism" does not outweigh the public's right to open courts, as the first factor of the inquiry reflects. No facts at issue about John Doe are of a "sensitive or highly personal nature"; such matters "include those dealing with birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families." *Chao*, 587 F. Supp. at 99 n.8. None of those circumstances applies here. This is a classic instance in which "the justification [for pseudonymity] is merely to avoid the annoyance and criticism that may attend any litigation" rather than "to preserve privacy in a matter of a sensitive and highly personal nature." *Id.* at 99.

John Doe does not benefit from the third factor as John Doe is not a minor.

The fourth factor—whether the action is against a governmental or private party—also cuts against John Doe. "[C]ases often frame [this factor] in terms of plaintiff-movants," *Roe v. Doe*, 319 F. Supp. 3d at 429, and, as a result, the mere fact that this action involves a governmental defendant does not, on its own, cause this consideration to tilt in Plaintiffs' favor. *See also Doe v.*

*U.S. Dep't of State*, No. 1:15-CV-01971, 2015 WL 9647660, at *3 (D.D.C. Nov. 3, 2015) (noting that, in applying this factor, "[c]ontext matters"). Instead, evaluating this factor requires considering principles of fairness — specifically, the fairness of allowing one party to proceed publicly and "be required to bear any criticism" associated with the conduct at issue in the case while the other can "hide behind a cloak of anonymity." *Roe v. Doe*, 319 F. Supp. 3d at 430 (internal citation and quotation marks omitted). Thus, to the extent courts have considered it fairer to allow plaintiffs to proceed anonymously when litigating against government defendants, they have done so because "'the mere filing of a civil action against . . . private parties may cause damage to their good names and reputation and may also result in economic harm' that simply has no analogue in a suit against the government." *Id.* at 429 (summarizing cases).

Here, permitting continued pseudonymity would create the precise asymmetry that the fourth factor exists to prevent. On the one hand, Plaintiffs have used their names throughout the entirety of this litigation. Indeed, despite personalized threats of physical violence and harassment, *see generally* ECF 2, Plaintiffs have sought to conceal only their addresses; they have never moved this Court to prevent the public from knowing their identities. By contrast, permitting pseudonymity would abridge the common law right of public access without any evidence of threats—and no evidence at all of threats specific to John Doe. These circumstances are analogous to those at issue in *Roe v. Doe*, where a defendant sought to proceed pseudonymously in a suit alleging that he committed sexual assault. 319 F. Supp. 3d at 429. The court rejected that request, noting "[j]ust as Plaintiff is proceeding under her own name to vindicate her alleged grievances, evidently unabashed that the litigation may divulge sensitive and personal details of her own, so it would seem fair to require that Defendant do so as well." *Id.* at 430. The same could be said here.

Turning to the fifth factor, it is true that Officer Doe's pseudonymity would not impede Plaintiffs from proceeding with this litigation because Doe has disclosed his true name under seal. But a party cannot successfully move for pseudonymity by prevailing on the fifth factor while flunking the others. *See id.* at 430. Moreover, as the Government has conceded, the presumption of openness operates not only to protect parties but also to safeguard the "public's substantial interest in knowing the identities of the parties in litigation." ECF 43 at 9 (quoting *John Doe Co. v. Consumer Fin. Prot. Bureau*, 321 F.R.D. 31, 34 (D.D.C. 2017)).  Open courts ensure "a measure of accountability" for the judiciary and allow "the press and the public" to "make an independent assessment of the facts underlying court cases." *Doe v. Del Rio*, 241 F.R.D. 154, 157 (S.D.N.Y. 2006). Accordingly, one factor courts consider when assessing motions for anonymity is "whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigants' identities, beyond the public's interest which is normally obtained." *Doe v. Megless*, 654 F.3d 404, 409, 410 (3d Cir. 2011) (quoting and "endors[ing]" test for anonymity espoused in *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997)); *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008) (noting that "weak public interest" in a case mitigates in favor of pseudonymity (internal quotation marks and citation omitted)).

Here, this consideration strongly counsels in favor of public disclosure. The public is presumed to have an interest in misconduct by government actors, such as a District police officer. *See, e.g.*, *Megless*, 654 F.3d at 406–07, 411 (noting that interest "is heightened because Defendants"—there, a school security director, a municipality's chief of police, a school district, and its board of directors—"are public officials and  government bodies" (internal citation and quotation marks omitted)); *accord Doe v. Pub. Citizen*, 749 F.3d 246, 274 (4th Cir. 2014). And in

this case, the public's interest has been confirmed by the extensive media coverage and the scrutiny from the District of Columbia Office of Police Complaints.[1]

## CONCLUSION

For the reasons stated, Plaintiffs should be permitted to file their motion for leave to amend their complaint, including the proposed amended complaint revealing John Doe's true name, on the public docket. A proposed order is attached.

Respectfully submitted,

*/s/ Scott Michelman*
Scott Michelman (D.C. Bar No. 1006945)
American Civil Liberties Union Foundation
  of the District of Columbia
915 15th Street NW, Second Floor
Washington, D.C. 20005
Tel. 202-457-0800
smichelman@acludc.org

October 18, 2019                    Counsel for Plaintiffs

---

[1] *See, e.g.*, Dick Uliano, *Arrests, Pepper Spray Use During Inauguration Protests Panned*, WTOP.com (Feb. 27, 2017 6:13 pm), https://wtop.com/dc/2017/02/arrests-pepper-spray-use-during-inauguration-protests-panned/ (describing report by District of Columbia Office of Police Complaints criticizing officer conduct during the protests); Gregory Krieg, *Police Injured, More than 200 Arrested at Trump Inauguration Protests in DC*, CNN.com (Jan. 21, 2017 4:06 AM), https://www.cnn.com/2017/01/19/politics/trump-inauguration-protests-womens-march/index.html; Jonathan Landay & Scott Malone, *Violence Flares in Washington during Trump Inauguration*, REUTERS (Jan. 20, 2017 1:29 AM), https://www.reuters.com/article/us-usa-trump-inauguration-protests-idUSKBN1540J7.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHAY HORSE, *et al.,*

                    Plaintiffs,

  v.

DISTRICT OF COLUMBIA, *et al.,*     No. 1:17-cv-01216 (ABJ)

                    Defendants.

[PROPOSED] **ORDER**

Upon consideration of PLAINTIFFS' MOTION FOR LEAVE TO FILE ON THE PUBLIC DOCKET THEIR MOTION TO AMEND THEIR COMPLAINT, it is hereby ORDERED that the motion is GRANTED. Plaintiffs may file their forthcoming motion for leave to file an amended complaint, including its attachments, publicly and not under seal.

.

Date: _____

                                               _____
                                               Amy Berman Jackson
                                               United States District Judge