UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAY HORSE, *et al.*,<br><br>         Plaintiffs,<br> v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>         Defendants. | No. 1:17-cv-01216 (ABJ) |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE ON THE PUBLIC DOCKET THEIR MOTION TO AMEND THEIR COMPLAINT**

MPD Officer John Doe's opposition to Plaintiffs' motion makes two arguments: first, that the Court has already denied Plaintiffs' motion, and second, that all proceedings regarding amending the complaint should be held in abeyance while mediation proceeds. Neither is persuasive.

Doe's first argument is flatly wrong. The Court did not deny Plaintiffs' motion on the merits. Instead, the Court stated, in response to Plaintiffs' oral motion to unseal John Doe's name:

> I don't think we need to decide that at this particular moment. I think, first, you two need to confer among yourselves to find out if you have an agreement or you don't have an agreement and what the nature of that agreement is. And if there's a dispute about what happens next and when, then you can bring that to my attention when we start talking about the scheduling order and the meet and confer and all that. But I don't think I have to decide that at this moment.

Tr., *Horse v. District of Columbia*, No. 17-1216 (Sept. 27, 2019), at 97. The Court was clearly deferring, not deciding, Plaintiffs' motion. And the reason for the deferral was explicit: The Court wanted the parties to confer and discern whether in fact they had an agreement that Officer Doe's name should be unsealed following the denial of his motion to dismiss and/or to unseal. The parties have conferred. Their agreement is clear from what they filed:

1

> As a result of good faith negotiations, Plaintiffs and Defendant John Doe have agreed as follows:
>
> Plaintiffs agree that, until the resolution of John Doe's forthcoming motion to dismiss and/or for summary judgment, they will not contest maintaining the seal on John Doe's true identity and will continue to use his pseudonym in litigating the forthcoming motion to dismiss and/or for summary judgment.
>
> Defendant John Doe agrees to accept service of process through his counsel and further agrees that in the event he remains as a party to the case following the resolution of his forthcoming motion to dismiss and/or for summary judgment, *he will not oppose Plaintiffs amending their complaint to state John Doe's true name and he will not otherwise seek to avoid the use of his true name in this litigation*.

ECF 54 (emphasis added). Officer Doe does not dispute that he entered into this agreement or that it means what it says. Thus, the Court's decision to defer ruling in open court does not render Plaintiffs' current motion a motion for reconsideration or provide any reason to deny it.

Second, Officer Doe asserts that moving to amend the complaint is inconsistent with mediation generally because it represents a "jockey[ing] for position," ECF 71, at 2, rather than an attempt to resolve the case. As a threshold matter, Officer Doe's objection here is misdirected—the current motion concerns only whether a motion to amend *may be filed publicly*, not whether (or when) leave to amend should be granted. So whether or not he wants to object to permitting amendment of the complaint, Officer Doe's generalized views about what is consistent with the "spirit of mediation" should not provide a basis to object to a measure (the unsealing of John Doe's true name) to which he has already agreed not to object. ECF 54. Indeed, Officer Doe agreed not only not to object to amending the complaint but also "not [to] otherwise seek to avoid the use of his true name in this litigation." Thus, his agreement is broad enough to include non-opposition to this motion. Moreover, seeking to amend the complaint is not inconsistent with mediation. Plaintiffs will seek to add or revive claims in light of the Court's ruling on the motion to dismiss. Whether they are able to do so—or even, if the question is deferred, the strength of their arguments

2

for doing so—bears on the scope of the case, Defendants' potential liability, and what the litigation will look like if it proceeds and is not resolved during mediation. During mediation, parties must always decide between or among alternatives. The alternative to settlement—further litigation—is shaped in large degree by which claims are at issue. Thus, for instance, had the Court dismissed just one of Plaintiffs' 16 claims or had it dismissed all but one, the parties would enter mediation with a very different calculus about the alternative to settlement. Likewise, knowing the scope of the case based on the amended complaint (of which the naming of John Doe is just a small part) would help guide the parties' choices in mediation. Even just seeing Plaintiffs' motion to amend would provide the Defendants with more information about the strength of Plaintiffs' arguments and what additional claims they should expect to see if litigation proceeds.

All of this, of course, can be debated in the context of the actual motion to amend. Right now, all that Plaintiffs seek is permission to file that motion publicly, in accordance with the longstanding tradition of public access to the names of the parties to litigation. And that is relief to which Officer Doe, in ECF 54, has already agreed. He should not be permitted to renege on his written agreement, formally filed in this Court.

The motion should be granted, and Plaintiffs should be permitted to file their motion for leave to amend their complaint on the public docket.

Respectfully submitted,

*/s/ Scott Michelman*
Scott Michelman (D.C. Bar No. 1006945)
Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union Foundation
  of the District of Columbia
915 15th Street NW, Second Floor
Washington, D.C. 20005
Tel. 202-457-0800
smichelman@acludc.org

November 4, 2019                    Counsel for Plaintiffs