UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHAY HORSE, *et al.,*

Plaintiffs,

v.

DISTRICT OF COLUMBIA, *et al.,*                          No. 1:17-cv-01216 (ABJ)

Defendants.

**PLAINTIFFS' MOTION FOR STATUS CONFERENCE**

Plaintiffs move this Court to set a status conference to discuss the state of the case after an

eleventh-hour breakdown after extensive mediation. Defendants do not oppose the request for a

status conference.

After more than a year of mediation, the parties jointly informed the Court in their

December 14, 2020, status report that: "The Parties have agreed upon terms to settle this case. The

Parties firmly believe they will be able to finalize this settlement and have the settlement agreement

signed by all parties within six weeks." ECF 87.

The settlement papers were indeed finalized—the language was agreed to by all parties on

December 21—and have been signed by all Plaintiffs and by Defendant John Doe. *See* ECF 88

(Jan. 25, 2021, joint status report), at 1-2. But the District of Columbia and the other Defendants

represented by the D.C. Attorney General have not signed the agreement and have been unwilling

to provide a date on which they will sign, even though—as far as Plaintiffs can discern—no

substantive, procedural, or linguistic disputes remain. The District took the position in today's

status report that further "Mayoral approval" was required, *see id.*, which is surprising, because

the District has not previously given any indication that such approval was still outstanding—

1

including in the joint filing in this Court on December 14. The mediation period expired today, and there is nothing more for the mediators to do. They should be discharged with the Court's thanks. Yet now the District has proposed a further 60-day delay, *see id.*, which would come on top of the six-week delay since December 14.

Plaintiffs are concerned that the Defendants are seeking to avoid signing the settlement agreement for political reasons, despite stating their expectation jointly with Plaintiffs six weeks ago that the papers would be signed by now. If Defendants needed another week, that would be frustrating but understandable. The request for 60 days suggests something very different. Perhaps Defendants do not want the settlement to be announced before the D.C. Council's annual oversight hearings of the Metropolitan Police Department, scheduled for February 8 to March 19. (Indeed, Defendants' proposed 60-day delay would conclude just after the end of the oversight hearings.) Perhaps the District's delay relates to the pendency of the Mayor's nomination of a new Chief of Police. With apologies for the vague nature of their averments (in light of the confidentiality of settlement discussions), undersigned counsel, in their combined litigation experience spanning more than 60 years between them, have never seen a delay like this one.

Yet Plaintiffs remain optimistic that the agreement can be signed—with this Court's help. Plaintiffs do not believe that the mediators can push the process over the finish line. But the Court might be able to, by making direct inquiries of the Defendants about the nature of the problem.

Plaintiffs believe a straightforward and candid inquiry from the Court—in chambers, if necessary—is the best way to facilitate that result. With terms agreed to yet no signed settlement, and with no certain date for completion of the process, Plaintiffs think this is the best way to preserve the progress the parties have made and resolve this case expeditiously. Alternatively, a status conference would also provide an opportunity, if need be, to schedule the next steps in

litigation, including, potentially, a motion to enforce a settlement that the Defendants have agreed to but are now refusing to sign.

Plaintiffs therefore urge the setting of a status teleconference at the Court's earliest convenience. A proposed order is attached.

Respectfully submitted,

*/s/ Scott Michelman*
Scott Michelman (D.C. Bar No. 1006945)
Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union Foundation
  of the District of Columbia
915 15th Street NW, Second Floor
Washington, D.C. 20005
Tel. 202-601-4267
smichelman@acludc.org

January 25, 2021                    Counsel for Plaintiffs