UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAY HORSE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DISTRICT OF COLUMBIA, *et al.*, <br><br> Defendants. | No. 1:17-cv-01216 (ABJ) |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is made and entered into by and between Plaintiffs Shay Horse, Elizabeth Lagesse, Milo Gonzalez, Gwen Frisbie-Fulton (both on her own behalf and on behalf of her minor son A.S.), and Judah Ariel (collectively, Plaintiffs), and Defendants District of Columbia; Peter Newsham; Keith Deville; Lamar Greene; Robert Alder; Jeffery Carroll; Paul Niepling; Michael Whiteside; Sean Hill; Anthony Alioto; Michael Murphy; Michael Howden; Gregory Rock; Daniel Thau; Melvin Washington; Dennis Baldwin; Courtney Flash; Timothy Steffes; Leonard Roccato; Bruce Baskerville; Diane Brooks; Phokham Vongkeo; Ferney Dennis; Kenneth Parker; Sequita Williams; Joseph Masci; Aulio Angulo; Donald Bogardus; Harvy Hinostroza; and the officer known in this litigation as John Doe[1] (collectively, Defendants), on this __21st____ day of April 2021.

### Definitions

The following definitions shall apply in this Settlement Agreement:

---

[1] The identity of this officer was disclosed pursuant to court order under seal on Dec. 7, 2018, *see* ECF 52, and is known to the parties' counsel.

1

- "Action" means the lawsuit filed in the United States District Court for the District of Columbia, captioned *Horse v. District of Columbia*, No. 1:17-cv-01216.

- "Agreement" means this Settlement Agreement.

- "Effective Date" means the date on which both counsel for Plaintiffs and counsel for Defendants have received fully-executed copies of this Agreement, as set out below in Part V.

- "Satisfaction Date" has the meaning set out below in Part V.

- "Plaintiffs" and "Defendants" refer, respectively, to the two separate groups identified as such on the first page of this Agreement.

- "District" means, individually and collectively, the government of the District of Columbia, and its successors; assigns; all present and former employees, officers and directors; and any direct or indirect predecessor or successor entity.

- "Metropolitan Police Department" means the police department of the District of Columbia and its Chief acting in an official capacity.

- "Parties" or "Settling Parties" refers to all the Plaintiffs and Defendants collectively.

### Terms

In consideration of the mutual promises contained in this Agreement, the receipt and sufficiency of which are acknowledged, the Settling Parties agree as follows:

**I. Payment**

The District shall pay Plaintiffs and the ACLU Foundation of the District of Columbia $605,000.00, within 30 days after *either* (a) the Effective Date as defined above, *or* (b) the date on which counsel for the District receives (via email or otherwise) properly executed W-9 forms from all non-minor Plaintiffs—whichever is later. Payment shall be made by electronic transfer to the

client-fund account that Plaintiffs' counsel will provide to Defendants' counsel within 7 days of the signing of this agreement.

## II. Expungement

As the legal arm of the city government, the District of Columbia Office of the Attorney General will not oppose any motion filed by Plaintiffs for the entry of a sealed order that all records pertaining to the arrests of Shay Horse, Elizabeth Lagesse, and Milo Gonzalez on January 20 or 21, 2017, be sealed and/or expunged. Moreover, the plaintiffs named here agree to file their motions to seal/expunge within 30 days of the execution of this settlement agreement.

## III. Policy Changes

A. **Prisoner processing**. The Metropolitan Police Department shall, within 90 days of the Effective Date, issue a formal directive memorializing changes to its prisoner processing protocol that will reduce the time detainees in a mass arrest spend at the scene before being transported to a booking facility. Specifically, in the context of a mass arrest, the following steps will be taken as soon as is practicable:

1. Each arrested individual will receive a wristband with a unique identification number.

2. Each arrested individual will then be searched and have his or her property placed into a bag along with a paper slip containing the individual's identification number.

3. Officers will take two photographs of each arrested individual that include the arresting officer and a white board depicting the individual's identification number.

4. Groups of arrested individuals will then be transported to booking facilities.

B. **Recording searches.** The Metropolitan Police Department shall, within 90 days of the Effective Date, issue a formal directive that, when practicable in light of staff availability,

three officers should be present for every arrestee search and should position themselves in order to capture body-worn camera footage of the search from multiple angles.

C. **Stingballs.** The Metropolitan Police Department shall, within 90 days of the Effective Date, issue a formal directive regarding the deployment of stingballs providing that, except under extenuating circumstances, stingballs should be deployed underhand by rolling them along the ground rather than throwing them into the air.

D. **Reminder of First Amendment Assemblies Act**. The following language shall be contained in any teletype issued to all sworn MPD members ahead of any presidential inauguration or protest event of similar size and nature: "Assemblies and Demonstrations: All Members are reminded to review and abide by SOP 16-01 when handling mass demonstrations. SOP 16-01 and all of its attachments, including the D.C. First Amendment Assemblies Act, can be found here: https://go.mpdconline.com/GO/SOP 16_01.pdf."

E. **Presence of OAG in the JOCC**. It is the expectation of the Office of the Attorney General for the District of Columbia (OAG) that, whenever the Joint Operations Command Center (JOCC) is activated ahead of a presidential inauguration or a protest event of similar size and nature, an OAG attorney will be present in the JOCC, or, if the District is in a state of public health emergency, available remotely in accordance with applicable public health precautions, to advise MPD command staff regarding any relevant legal issues, such as the requirements under the D.C. First Amendment Assemblies Act of 2004 (D.C. Code § 5-331.01, et seq.), including, but not limited to, its provisions related to the issuance of dispersal orders, the use of chemical irritants, and mass arrests generally, to the extent those requirements apply to any situation that may arise. The ACLU of the District of Columbia

has the right to make a request under the D.C. Freedom of Information Act seeking any records reflecting OAG's presence in the JOCC on such occasions.

**IV. Release and Non-Assignment**

In full and final resolution of the claims as described in the complaint filed in the Action, and those claims that could or should have been raised as arising from, were connected to or reasonably related to the allegations within the Complaint, under any theory of liability, Plaintiffs agree that they forever discharge, waive, hold harmless and release all Defendants from any and all actions and demands whatsoever (including all claims for attorneys' fees and costs) which they now have against the Defendants, or which they now or hereafter can or may have against the Defendants under any theory of liability by reason of or in any way arising out of the facts as alleged in the complaint in the Action, including but not limited to claims of unreasonable searches and/or seizures, false arrest, assault and battery, denial of freedom of speech, unconstitutional conditions of confinement, intentional infliction of emotional distress, or violations of the First Amendment Assembles Act, as more fully described in the complaint filed in this Action. This release includes all injuries and damages resulting from the facts as alleged in the complaint in the Action, whether now manifested or not, the intention hereof being to release the Defendants completely, finally and absolutely from all liabilities whatsoever arising wholly or partially from the facts as alleged in the complaint in the Action. This release shall become effective as of the Satisfaction Date as defined in Part V. All Defendants deny all allegations of wrongdoing and deny any liability to any and all Plaintiffs. The Parties have agreed that, in order to avoid long and costly litigation, this dispute should be settled pursuant to the terms of this Settlement Agreement. This Settlement does not and shall not be deemed to constitute an admission by Defendants as to the validity or accuracy of any of the allegations, assertions, or claims made by Plaintiffs. This

Settlement does not constitute an admission, adjudication, or finding on the merits of the above-captioned action.

The parties agree that neither this Agreement nor the payment hereunder shall be subject to assignment.

**V. Additional Terms**

    A. **Timing of filing**. The Plaintiffs shall file a Joint Notice of Settlement, in the form attached as Exhibit A, on the same day as the filing of a motion for approval of the class action settlement in *Schultz v. District of Columbia*, No. 1:18-cv-120.

    B. **Satisfaction Date**. The "Satisfaction Date" shall be the date on which the last of the following events occurs:

        1. Payment of the amount provided in Part I above;

        2. Counsel for Defendants delivering by electronic mail to counsel for Plaintiffs the final, officially issued directives specified in Part III.A, III.B, and III.C, above.

    C. **Dismissal**. Plaintiffs shall file a Stipulation of Dismissal of this Action with prejudice within 15 days of the Satisfaction Date.

    D. **Personal injury**. The parties agree that this settlement arises from a claim for personal physical injury as defined in Section 104(a)(2) of the Internal Revenue Code of 1986, as amended. However, the District is not responsible for the determination by the IRS or state taxing authority on any tax liability for payments made under this settlement.

    E. **Entire agreement**. This Agreement represents the entire agreement and understanding between and among the Parties concerning the matters set forth herein. This Agreement supersedes all prior discussions, negotiations, understandings, and agreements between the Parties relating to the subject matter of this Agreement whether oral or written, all of which

are merged herein. This Agreement may not be changed orally and may be amended only by a writing signed by all Parties or by their respective duly authorized representatives.

F. **Non-severability**. The provisions of this Agreement are not severable. Each provision is of the essence. If any part of this Agreement is found to be invalid or unlawful, the Agreement shall become null and void, and the Parties shall return to the litigation position that existed on the day before this Agreement was executed.

G. **Authority to execute**. The individuals executing this Agreement on behalf of the Parties represent that they have all requisite authority to execute it.

H. **Execution**. This Agreement may be executed in counterparts, and by the different parties hereto in separate counterparts, each of which shall be deemed to be an original, and all of which taken together shall constitute the Agreement, which shall be effective when one or more counterparts has been signed by each of the parties hereto and delivered to counsel for each of the other parties hereto. Delivery of a signed counterpart of this Agreement by facsimile or email shall constitute valid and sufficient delivery.

I. **Representation**. All Plaintiffs expressly warrant that they are legally competent to execute this Agreement, that they fully understand its contents and meaning, and that they have had the opportunity to consult counsel in connection with this Agreement.

J. **Construction**. This agreement shall be construed as if all Parties prepared it equally.

K. **Choice of law**. This Agreement shall be governed by and construed in accordance with the substantive laws of the District of Columbia, without giving effect to the principles of conflict of law. Any litigation arising out of or relating to this Agreement shall be brought in the Superior Court for the District of Columbia or in the United States District Court for the District of Columbia.

L. **Enforcement**. Nothing herein shall be construed to mean that the Parties waive or release their ability to enforce this Agreement. A waiver of any term or condition of this Agreement shall not be deemed to be a waiver of any other term or condition hereof.

**Signatures**

IN WITNESS WHEREOF, the Parties duly execute this Settlement Agreement effective as provided above:

ACCEPTED FOR PLAINTIFFS BY:

____*Shay Horse*____ on __april 21__, 2021
SHAY HORSE

_____ on _____, 2021
ELIZABETH LAGESSE

_____ on _____, 2021
MILO GONZALEZ

_____ on _____, 2021
GWEN FRISBIE-FULTON (both on her own behalf and on behalf of her minor son A.S.)
and

_____ on _____, 2021
JUDAH ARIEL

AND

L. **Enforcement**. Nothing herein shall be construed to mean that the Parties waive or release their ability to enforce this Agreement. A waiver of any term or condition of this Agreement shall not be deemed to be a waiver of any other term or condition hereof.

## Signatures

IN WITNESS WHEREOF, the Parties duly execute this Settlement Agreement effective as provided above:

ACCEPTED FOR PLAINTIFFS BY:

_____ on _____, 2021
SHAY HORSE

_*Elizabeth Lagesse*_ on __April 21st__, 2021
ELIZABETH LAGESSE

_____ on _____, 2021
MILO GONZALEZ

_____ on _____, 2021
GWEN FRISBIE-FULTON (both on her own behalf and on behalf of her minor son A.S.)
and

_____ on _____, 2021
JUDAH ARIEL

AND

L. **Enforcement**. Nothing herein shall be construed to mean that the Parties waive or release their ability to enforce this Agreement. A waiver of any term or condition of this Agreement shall not be deemed to be a waiver of any other term or condition hereof.

## Signatures

IN WITNESS WHEREOF, the Parties duly execute this Settlement Agreement effective as provided above:

ACCEPTED FOR PLAINTIFFS BY:

_____ on _____, 2021
SHAY HORSE

_____ on _____, 2021
ELIZABETH LAGESSE

*Milo Gonzalez*_____ on _____April 21_____, 2021
MILO GONZALEZ

_____ on _____, 2021
GWEN FRISBIE-FULTON (both on her own behalf and on behalf of her minor son A.S.)

and

_____ on _____, 2021
JUDAH ARIEL

AND

8

**L. Enforcement.** Nothing herein shall be construed to mean that the Parties waive or release their ability to enforce this Agreement. A waiver of any term or condition of this Agreement shall not be deemed to be a waiver of any other term or condition hereof.

**Signatures**

IN WITNESS WHEREOF, the Parties duly execute this Settlement Agreement effective as provided above:

ACCEPTED FOR PLAINTIFFS BY:

_____ on _____, 2021
SHAY HORSE

_____ on _____, 2021
ELIZABETH LAGESSE

_____ on _____, 2021
MILO GONZALEZ

[signature] on April 21 , 2021
GWEN FRISBIE-FULTON (both on her own behalf and on behalf of her minor son A.S.)
and

_____ on _____, 2021
JUDAH ARIEL

AND

L. **Enforcement**. Nothing herein shall be construed to mean that the Parties waive or release their ability to enforce this Agreement. A waiver of any term or condition of this Agreement shall not be deemed to be a waiver of any other term or condition hereof.

## Signatures

IN WITNESS WHEREOF, the Parties duly execute this Settlement Agreement effective as provided above:

ACCEPTED FOR PLAINTIFFS BY:

_____ on _____, 2021
SHAY HORSE

_____ on _____, 2021
ELIZABETH LAGESSE

_____ on _____, 2021
MILO GONZALEZ

_____ on _____, 2021
GWEN FRISBIE-FULTON (both on her own behalf and on behalf of her minor son A.S.) and

*[signature]* _____ on   April 21 _____, 2021

AND

8

ACCEPTED ON BEHALF OF DEFENDANTS BY:

*Fernando Amarillas* on _____ April 21 , 2021

KARL A. RACINE
Attorney General for the District of Columbia

FERNANDO AMARILLAS
Acting Deputy Attorney General
Public Interest Division

MICAH BLUMING
Assistant Attorney General
400 Sixth Street, N.W., Suite 10100
Washington, D.C. 20001

*Counsel for Defendant District of Columbia and Defendants Newsham; Deville; Greene; Alder; Carroll; Niepling; Whiteside; Hill; Alioto; Murphy; Howden; Rock; Thau; Washington; Baldwin; Flash; Steffes; Roccato; Baskerville; Brooks; Vongkeo; Dennis; Parker; Williams; Masci; Angulo; Bogardus; and Hinostroza*

and

*Danny Onorato* PP on April 21 , 2021

DANNY ONORATO
SCHERTLER & ONORATO, LLP
901 New York Avenue, N.W., Suite 500
Washington, D.C. 20001

*Counsel for Defendant John Doe*

**Exhibit A:**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAY HORSE, *et al.*,<br><br>                              Plaintiffs,<br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>                              Defendants. | No. 1:17-cv-01216 (ABJ) |

**JOINT NOTICE OF SETTLEMENT**

Plaintiffs and Defendants hereby notify the Court that they have reached a settlement in the above-captioned case. Within fifteen days of the completion of certain actions agreed to by the Defendants as set forth fully in the agreement, the Plaintiffs will file a stipulation of dismissal with prejudice.


Dated: _____, 2021                                        Respectfully submitted,