UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHAY HORSE, *et al.*,

                Plaintiffs,

v.

DISTRICT OF COLUMBIA, *et al.*,

                Defendants.

No. 1:17-cv-01216 (ABJ)

**PLAINTIFFS' UNOPPOSED MOTION FOR EXPUNGEMENT**

Plaintiffs move this Court to order the expungement of all records pertaining to the arrests of Shay Horse, Elizabeth Lagesse, and Milo Gonzalez on January 20 or 21, 2017. Plaintiffs request the entry of the attached three proposed sealed orders in this case, one as to each of those Plaintiffs.

In the settlement agreement filed on April 26, 2021, Defendants agreed that the District of Columbia Office of the Attorney General would "not oppose any motion filed by Plaintiffs for the entry of a sealed order that all records pertaining to the arrests of Shay Horse, Elizabeth Lagesse, and Milo Gonzalez on January 20 or 21, 2017 be sealed and/or expunged." ECF 97-1 at 3.

**ARGUMENT**

**I. This Court Has Authority To Grant Expungement of Arrest Records.**

It is well established in this Circuit that federal courts have the inherent, equitable power to "order the expungement of records, including arrest records, when that remedy is necessary and appropriate in order to preserve basic legal rights." *Sullivan v. Murphy*, 478 F.2d 938, 968 (D.C. Cir. 1973). Although there is no "standalone right to expungement of government records that are inaccurate, were illegally obtained, or are 'prejudicial without serving any proper purpose,'" federal courts are "empowered to order the expungement of Government records where necessary

1

to vindicate rights secured by the Constitution or statute." *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 787 F.3d 524, 536 (D.C. Cir. 2015) (quoting *Chastain v. Kelley*, 510 F.2d 1232, 1235 (D.C. Cir. 1975)).

Expungement of arrest records is a familiar remedy in this Court in situations involving unjustified arrests. As this Court has recognized:

> [I]t is established that federal courts have a general equitable power to fashion appropriate remedies to protect important legal rights, including in an appropriate case the expungement of an arrest record. *Doe v. Webster*, 606 F.2d 1226, 1231 n.8 (D.C. Cir. 1979). In particular, courts have found it appropriate to order expungement or the return of arrest records where a party has been illegally arrested. See *Carter* [*v. District of Columbia*], 795 F.2d [116,] 136 [(D.C. Cir. 1986)] (noting propriety of order); *Sullivan v. Murphy*, 380 F. Supp. [867,] 868 [(D.D.C. 1974)] (directing Metropolitan Police Department to return to plaintiff records of arrest including, *inter alia*, fingerprint cards and photographs).

*Humbles v. District of Columbia*, 2000 WL 246578, at *4 (D.D.C. 2000); *see also Doe v. U.S. Air Force*, 812 F.2d 738, 741 (D.C. Cir. 1987) (expungement of records is an appropriate remedy for constitutional violations).

Accordingly, the D.C. Circuit has ordered expungement of arrest records in protest-related cases like this one involving wrongful arrests, improper arrest procedures, and/or mistreatment of arrested protesters. *See, e.g., Tatum v. Morton*, 562 F.2d 1279, 1285 (D.C. Cir. 1977) (upholding the District Court's grant of expungement of arrest records for persons unlawfully arrested while participating in peaceful Quaker vigil of prayer on White House sidewalk); *Sullivan v. Murphy*, 478 F.2d 938, 970–71 (D.C. Cir. 1973) (recognizing authority to order expungement of arrest records for individuals arrested and charged with disorderly conduct type offenses in connection with antiwar demonstrations, when "the arrest procedures used and the subsequent treatment of the arrestees during the course of their detention made it impossible to distinguish between" individuals who "engaged in criminal activity" and those "innocent of any wrongdoing"),

*remanded to* 380 F. Supp. 867, 868 (D.D.C. 1974) (ordering return of arrest records to plaintiffs and authorizing destruction of those records by plaintiffs' counsel).

More recently, this Court ordered expungement of arrest records in *Huthnance v. District of Columbia*, No. 06-cv-1871 (D.D.C., order of Mar. 30, 2011); *Carr v. District of Columbia*, No. 06-cv-98 (D.D.C., order of Aug. 1, 2011); *Chang v. United States*, No. 02-cv-2010 (D.D.C., order of Jan. 10, 2008); *Abbate v. Ramsey*, 355 F. Supp. 2d 377, 380 (D.D.C. 2005); and *Okpaku v. Perry*, No. 03-cv-1388 (D.D.C., order of Aug. 26, 2004). In each of those cases except *Huthnance*, the government defendant consented to the expungements—just as here the Defendant District of Columbia has agreed not to oppose expungement—even though, as here, those cases were settled without adjudication or admission of liability. (In *Huthnance*, a jury found the defendants liable for an unconstitutional arrest, and the expungement order was entered based upon that verdict.)

## II. Expungement Is the Necessary and Appropriate Remedy Here.

Three Plaintiffs in this case—Shay Horse, Elizabeth Lagesse, and Milo Gonzalez—were arrested by MPD on January 20 or 21, 2017 without probable cause while exercising their First Amendment rights. Indeed, the MPD Incident Commander, Keith Deville, testified under oath that when he ordered his officers to detain people, he "wasn't differentiating who was demonstrating and who was rioting." Tr. of Trial Proceedings 71, *United States v. Macchio*, Nos. 2017 CF2 1183 et al. (D.C. Super. Ct. Dec. 4, 2017). While there has been no adjudication of the facts in this case, and no admission of liability, the Defendants have not denied that statement. And the fact that they agreed to pay $605,000 to settle the claims of the six Plaintiffs suggests something about the Defendants' own assessment about what facts would be found were the case to go to trial.

Ultimately, all charges against Plaintiffs Horse, Lagesse, and Gonzalez were dropped. None of these three Plaintiffs was convicted of any wrongdoing on January 20 or 21, 2017.

Therefore, although the government generally has an interest in preserving arrest records, the government's interest in preserving the arrest records of these particular Plaintiffs, who were arrested through improper procedures and not responsible for any wrongdoing, is weak. *See Sullivan v. Murphy*, 478 F.2d 938, 970 (D.C. Cir. 1973) ("[I]n the case at bar any legitimate public interest in these records is severely undermined by the fact that they are the product of an arrest procedure that was not rooted in probable cause determinations.").

As the D.C. Circuit has previously recognized, an arrest record can result in a range of serious consequences:

> Information denominated [in] a record of arrest, if it becomes known, may subject an individual to serious difficulties. Even if no direct economic loss is involved, the injury to an individual's reputation may be substantial. Economic losses themselves may be both direct and serious. Opportunities for schooling, employment, or professional licenses may be restricted or nonexistent as a consequence of the mere fact of an arrest, even if followed by acquittal or complete exoneration of the charges involved.

*Menard v. Mitchell*, 430 F.2d 486, 490 (D.C. Cir. 1970); *see also Morrow v. District of Columbia*, 417 F.2d 728, 742 (D.C. Cir. 1969) (noting the additional impact that may result when arrest records are disseminated to other institutions, both public and private); *Sullivan*, 478 F.2d at 970. The expungement of Plaintiffs' arrest records is necessary to ensure that they are not subjected to these consequences for arrests that occurred in violation of their rights.

Because the government interest in preserving the arrest records in this case is far outweighed by the harm to Plaintiffs for conduct not in any way attributable to them, expungement is the appropriate remedy. *See Doe v. Webster*, 606 F.2d 1226, 1231 (D.C. Cir. 1979).

**III. The Expungement Order Should Include a Provision Authorizing Plaintiffs to Deny That They Were Arrested on January 20 or 21, 2017.**

The expungement orders should each include a provision authorizing Plaintiffs Horse, Lagesse, and Gonzalez to deny that they were arrested on January 20 or 21, 2017, because such a

provision is part and parcel of a complete expungement remedy. *See, e.g.*, *Tatum v. Morton*, 562 F.2d 1279, 1285 n.17 (D.C. Cir. 1977) ("Expungement is an inadequate remedy if, in response to questions on various application forms, one must still classify oneself as having been 'arrested.'"); *Carter v. District of Columbia*, 795 F.2d 116, 136 (D.C. Cir. 1986) ("We discern no cogent reason, should plaintiffs prevail at trial [on claims of unconstitutional arrest] for refusing to relieve them of the stigma of responding 'Yes' to the question, 'Ever arrested.'"); *Sullivan v. Murphy*, 380 F. Supp. 867, 869 (D.D.C. 1974).

## CONCLUSION

For the reasons stated above, the motion should be granted. Proposed orders, which contain the Plaintiffs' social security numbers and dates of birth in order to identify the Plaintiffs unambiguously, will be filed under seal as provided in Local Civil Rule 5.4(f).

Respectfully submitted,

*/s/ Scott Michelman*
Scott Michelman (D.C. Bar No. 1006945)
Arthur B. Spitzer (D.C. Bar No. 235960)
Michael Perloff (D.C. Bar No. 1601047)
American Civil Liberties Union Foundation
  of the District of Columbia
915 15th Street NW, Second Floor
Washington, D.C. 20005
Tel. 202-601-4267
smichelman@acludc.org

May 19, 2021                                    *Counsel for Plaintiffs*